# EILENBECKER *v.* DISTRICT COURT OF PLYMOUTH COUNTY.

### ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 101. Submitted January 8, 1890. — Decided March 3, 1890.

The first eight of the Articles of Amendment to the Constitution of the United States have reference only to powers exercised by the United States, and not to those exercised by the States.

The provision in Article III of the Constitution of the United States respecting the trial of crimes by jury relates to the judicial power of the United States.

Article VI of the Amendments to the Constitution of the United States respecting a speedy and public trial by jury; Articles V and VI respecting the right of persons accused of crime to be confronted with the witnesses; Article VIII respecting excessive fines, and cruel and unusual punishments; and Article XIV respecting the abridgment of privileges, the deprivation of liberty or property without due process of law, and the denial of the equal protection of the laws, are not infringed by the statutes of Iowa authorizing its courts, when a person violates an injunction restraining him from selling intoxicating liquors, to punish him as for contempt by fine or imprisonment or both.

Proceedings according to the common law for contempt of court are not subject to the right of trial by jury, and are " due process of law," within the meaning of the Fourteenth Amendment to the Constitution.

All the powers of courts whether at common law or in chancery may be

called into play by the legislature of a State, for the purpose of suppressing the manufacture and sale of intoxicating liquors when they are prohibited by law, and to abate a nuisance declared by law to be such; and the Constitution of the United States interposes no hindrance.

A District Court of a county in Iowa is empowered to enjoin and restrain a person from selling or keeping for sale intoxicating liquors, including ale, wine and beer, in the county, and disobedience of the order subjects the guilty party to proceedings for contempt and punishment thereunder.

THE case is stated in the opinion.

*Mr. William A. McKenney* for plaintiffs in error.

*Mr. J. S. Struble, Mr. S. M. Marsh* and *Mr. A. J. Baker,* attorney general of Iowa, for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Iowa.

The judgment which we are called upon to review is one affirming the judgment of the District Court of Plymouth County in that State. This judgment imposed a fine of five hundred dollars and costs on each of the six plaintiffs in error in this case, and imprisonment in the jail of Plymouth County for a period of three months, but they were to be released from confinement if the fine imposed was paid within thirty days from the date of the judgment.

This sentence was pronounced by the court as a punishment for contempt in refusing to obey a writ of injunction issued by that court, enjoining and restraining each of the defendants from selling, or keeping for sale, any intoxicating liquors, including ale, wine and beer, in Plymouth County, and the sentence was imposed upon a hearing by the court, without a jury, and upon evidence in the form of affidavits.

It appears that on the 11th day of June, 1885, separate petitions in equity were filed in the District Court of Plymouth County against each of these plaintiffs in error, praying that they should be enjoined from selling, or keeping for sale, intoxicating liquors, including ale, wine and beer, in that county. On the 6th of July the court ordered the issue of preliminary injunctions as prayed. On the 7th of July the writs were

served on each of the defendants in each proceeding by the sheriff of Plymouth County. On the 24th of October, complaints were filed, alleging that these plaintiffs in error had violated this injunction by selling intoxicating liquors contrary to the law and the terms of the injunction served on them, and asking that they be required to show cause why they should not be punished for contempt of court. A rule was granted accordingly, and the court, having no personal knowledge of the facts charged, ordered that a hearing be had at the next term of the court, upon affidavits; and on the 8th day of March, 1886, it being at the regular term of said District Court, separate trials were had upon evidence in the form of affidavits, by the court without a jury, upon which the plaintiffs were found guilty of a violation of the writs of injunction issued in said cause, and a sentence of fine and imprisonment, as already stated, entered against them.

Each plaintiff obtained from the Supreme Court of the State of Iowa, upon petition, a writ of *certiorari*, in which it was alleged that the District Court of Plymouth County had acted without jurisdiction and illegally in rendering this judgment, and by agreement of counsel, and with the consent of the Supreme Court of Iowa, the cases of the six appellants in this court were submitted together and tried on one transcript of record. That court affirmed the judgment of the District Court of Plymouth County, and to that judgment of affirmance this writ of error is prosecuted.

The errors assigned here are that the Supreme Court of Iowa failed to give effect to clause 3 of section 2 of Article III of the Constitution of the United States, which provides that the trial of all crimes, except in cases of impeachment, shall be by jury, and also to the provisions of Article VI of the amendments to the Constitution, which provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury.

The second assignment is, that the Supreme Court of Iowa erred in holding that plaintiffs could be fined and imprisoned without first being presented by a grand jury, and could be tried on *ex parte* affidavits, which decision, it is said, is in con-

flict with and contrary to the provisions of both Articles V and VI of the amendments to the Constitution of the United States, the latter of which provides that in all criminal prosecutions the accused shall enjoy the right to be confronted by the witnesses against him.

The fourth assignment is, that the Supreme Court erred in not holding that section 12 of chapter 143 of the acts of the twentieth general assembly of Iowa is in conflict with Article VIII of the amendments to the Constitution of the United States, which provides that excessive fines shall not be imposed, nor cruel and unusual punishments inflicted. These three assignments, as will be presently seen, may be disposed of together.

The third assignment is, that the Supreme Court of Iowa erred in not holding that said chapter 143 of the acts of the twentieth general assembly of Iowa, and especially section 12 of said chapter, is void, and in conflict with section 1 of Article XIV of the amendments to the Constitution of the United States, in this, that it deprives persons charged with selling intoxicating liquors of the equal protection of the laws, and it prejudices the rights and privileges of that particular class of persons, and denies to them the right of trial by jury, while in all other prosecutions the accused must first be presented by indictment, and then have the benefit of trial by a jury of his peers.

The first three of these assignments of error, as we have stated them, being the first and second and fourth of the assignments as numbered in the brief of the plaintiffs in error, are disposed of at once by the principle often decided by this court, that the first eight articles of the amendments to the Constitution have reference to powers exercised by the government of the United States and not to those of the States. *Livingston* v. *Moore,* 7 Pet. 469; *The Justices* v. *Murray,* 9 Wall. 274; *Edwards* v. *Elliott,* 21 Wall. 532; *United States* v. *Cruikshank,* 92 U. S. 542; *Walker* v. *Sauvinet,* 92 U. S. 90; *Fox* v. *Ohio,* 5 How. 410; *Holmes* v. *Jennison,* 14 Pet. 540; *Presser* v. *Illinois,* 116 U. S. 252.

The limitation, therefore, of Articles V and VI and VIII

of those amendments, being intended exclusively to apply to the powers exercised by the government of the United States, whether by Congress or by the judiciary, and not as limitations upon the powers of the States, can have no application to the present case, and the same observation is more obviously true in regard to clause 3 of section 2 of Article III of the original Constitution, that the trial of all crimes, except in cases of impeachment, shall be by jury. This Article III of the Constitution is intended to define the judicial power of the United States, and it is in regard to that power that the declaration is made that the trial of all crimes, except in cases of impeachment, shall be by jury. It is impossible to examine the accompanying provisions of the Constitution without seeing very clearly that this provision was not intended to be applied to trials in the state courts.

This leaves us alone the assignment of error that the Supreme Court of Iowa disregarded the provisions of section 1 of Article XIV of the amendments to the Constitution of the United States, because it upheld the statute of Iowa,[1] which it

---

[1] Section 1543 of the Code of Iowa, as amended by c. 143 of the Acts of the twentieth general assembly, is as follows:

Sec. 1543. In case of violation of the provisions of either of the three preceding sections or of section fifteen hundred and twenty-five of this chapter, the building or erection of whatever kind, or the ground itself in or upon which such unlawful manufacture or sale, or keeping, with intent to sell, use or give away, of any intoxicating liquors, is carried on or continued, or exists, and the furniture, fixture, vessels, and contents, is hereby declared a nuisance, and shall be abated as hereinafter provided, and whoever shall erect or establish, or continue, or use any building, erection or place for any of the purposes prohibited in said sections, shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly, and upon conviction, shall pay a fine of not exceeding one thousand dollars and costs of prosecution, and stand committed until the fine and costs are paid; and the provisions of chapter 47, title 25 of this Code, shall not be applicable to persons committed under this section. Any citizen of the county where such nuisance exists, or is kept or maintained, may maintain an action in equity, to abate and perpetually enjoin the same, and any person violating the terms of any injunction granted in such proceeding shall be punished as for contempt, by fine of not less than five hundred nor more than one thousand dollars or by imprisonment in the county jail not more than six months, or by both such fine and imprisonment in the discretion of the court.

is supposed by counsel deprives persons charged with selling intoxicating liquors of the equal protection of the law, abridges their rights and privileges, and denies to them the right of trial by jury, while in all other criminal prosecutions the accused must be presented by indictment, and then have the benefit of trial by a jury of his peers.

The first observation to be made on this subject is, that the plaintiffs in error are seeking to reverse a judgment of the District Court of Plymouth County, Iowa, imposing upon them a fine and imprisonment for violating the injunction of that court, which had been regularly issued and served upon them. Of the intentional violation of this injunction by plaintiffs we are not permitted to entertain any doubt, and, if we did, the record in the case makes it plain. Neither is it doubted that they had a regular and fair trial, after due notice, and opportunity to defend themselves in open court at a regular term thereof.

The contention of these parties is, that they were entitled to a trial by jury on the question as to whether they were guilty or not guilty of the contempt charged upon them, and because they did not have this trial by jury they say that they were deprived of their liberty without due process of law within the meaning of the Fourteenth Amendment to the Constitution of the United States.

If it has ever been understood that proceedings according to the common law for contempt of court have been subject to the right of trial by jury, we have been unable to find any instance of it. It has always been one of the attributes — one of the powers necessarily incident to a court of justice — that it should have this power of vindicating its dignity, of enforcing its orders, of protecting itself from insult, without the necessity of calling upon a jury to assist it in the exercise of this power.

In the case in this court of *Ex parte Terry*, 128 U. S. 289, this doctrine is fully asserted and enforced; quoting the language of the court in the case of *Anderson* v. *Dunn*, 6 Wheat. 204, 227, where it was said that "courts of justice are universally acknowledged to be vested, by their very creation, with

power to impose silence, respect and decorum in their presence, and submission to their lawful mandates;" citing also with approbation the language of the Supreme Judicial Court of Massachusetts in *Cartwright's Case*, 114 Mass. 230, 238, that "the summary power to commit and punish for contempts tending to obstruct or degrade the administration of justice is inherent in courts of chancery and other superior courts, as essential to the execution of their powers and to the maintenance of their authority, and is part of the law of the land, within the meaning of Magna Charta and of the twelfth article of our Declaration of Rights."

And this court, in Terry's case, held that a summary proceeding of the Circuit Court of the United States without a jury, imposing upon Terry imprisonment for the term of six months, was a valid exercise of the powers of the court, and that the action of the Circuit Court was also without error in refusing to grant him a writ of *habeas corpus.* The case of Terry came into this court upon application for a writ of *habeas corpus*, and presented, as the case now before us does, the question of the authority of the Circuit Court to impose this imprisonment on a summary hearing without those regular proceedings which include a trial by jury — which was affirmed. The still more recent cases of *Ex parte Savin*, 131 U. S. 267, and *Ex parte Cuddy*, 131 U. S. 280, assert very strongly the same principle. In *Ex parte Robinson*, 19 Wall. 505, 510, this court speaks in the following language:

"The power to punish for contempts is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings, and the enforcement of the judgments, orders and writs of the courts, and consequently to the due administration of justice. The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power. But the power has been limited and defined by the act of Congress of March 2d, 1831. 4 Stat. 487."

The statute, now embodied in § 725 of the Revised Statutes, reads as follows: "The power of the several courts of the United States to issue attachments and inflict summary pun-

ishments for contempts of court shall not be construed to extend to any cases except the misbehavior of any person or persons in the presence of the said courts or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of the said courts in their official transactions, *and the disobedience or resistance by any officer of the said courts, party, juror, witness, or any other person or persons to any lawful writ, process, order, rule, decree, or command of the said courts.*"

It will thus be seen that even in the act of Congress, intended to limit the power of the courts to punish for contempts of its authority by summary proceedings, there is expressly left the power to punish in this summary manner the disobedience of any party, to any lawful writ, process, order, rule, decree or command of said court. This statute was only designed for the government of the courts of the United States, and the opinions of this court in the cases we have already referred to show conclusively what was the nature and extent of the power inherent in the courts of the states by virtue of their organization, and that the punishments which they were authorized to inflict for a disobedience to their writs and orders were ample and summary, and did not require the interposition of a jury to find the facts or assess the punishment. This, then, is due process of law in regard to contempts of courts; was due process of law at the time the Fourteenth Amendment of the federal Constitution was adopted; and nothing has ever changed it except such statutes as Congress may have enacted for the courts of the United States, and as each State may have enacted for the government of its own courts.

So far from any statute on this subject limiting the power of the courts of Iowa, the act of the legislature of that state, authorizing the injunction which these parties are charged with violating, expressly declares that for violating such injunction a person doing so shall be punished for the contempt by a fine of not less than five hundred or more than a thousand dollars, or by imprisonment in the county jail not more than six months, or by both such fine and imprisonment, in the dis-

cretion of the court. So that the proceeding by which the fine and imprisonment imposed upon these parties for contempt in violating the injunction of the court, regularly issued in a suit to which they were parties, is due process of law, and always has been due process of law, and is the process or proceeding by which courts have from time immemorial enforced the execution of their orders and decrees, and cannot be said to deprive the parties of their liberty or property without due process of law.

The counsel for plaintiffs in error seek to evade the force of this reasoning by the proposition that the entire statute under which this injunction was issued is in the nature of a criminal proceeding, and that the contempt of court of which these parties have been found guilty is a crime for the punishment of which they have a right to trial by jury.

We cannot accede to this view of the subject. Whether an attachment for a contempt of court, and the judgment of the court punishing the party for such contempt, is in itself essentially a criminal proceeding or not, we do not find it necessary to decide. We simply hold that, whatever its nature may be, it is an offence against the court and against the administration of justice, for which courts have always had the right to punish the party by summary proceeding and without trial by jury ; and that in that sense it is due process of law within the meaning of the Fourteenth Amendment of the Constitution. We do not suppose that that provision of the Constitution was ever intended to interfere with or abolish the powers of the courts in proceedings for contempt, whether this contempt occurred in the course of a criminal proceeding or of a civil suit.

We might rest the case here; but the plaintiffs in error fall back upon the proposition that the statute of the Iowa legislature concerning the sale of liquors, under which this injunction was issued, is itself void, as depriving the parties of their property and of their liberty without due process of law. We are not prepared to say that this question arises in the present case. The principal suit in which the injunction was issued, for the contempt of which these parties have

been sentenced to imprisonment and to pay a fine, has never been tried so far as this record shows. We do not know whether the parties demanded a trial by jury on the question of their guilty violation of that statute. We do not know that they would have been refused a trial by jury if they had demanded it. Until the trial of that case has been had they are not injured by a refusal to grant them a jury trial. It is the well-settled doctrine of this court that a part of a statute may be void and the remainder may be valid. That part of this statute which declares that no person shall own or keep, or be in any way concerned, engaged or employed in owning or keeping any intoxicating liquors with intent to sell the same within this State, and all the prohibitory clauses of the statute, have been held by this court to be within the constitutional powers of the state legislature, in the cases of *Mugler* v. *Kansas*, 123 U. S. 623, and *Powell* v. *Pennsylvania*, 127 U. S. 678.

If the objection to the statute is that it authorizes a proceeding in the nature of a suit in equity to suppress the manufacture and sale of intoxicating liquors which are by law prohibited, and to abate the nuisance which the statute declares such acts to be, wherever carried on, we respond that, so far as at present advised, it appears to us that all the powers of a court, whether at common law or in chancery, may be called into operation by a legislative body for the purpose of suppressing this objectionable traffic; and we know of no hindrance in the Constitution of the United States to the form of proceedings, or to the court in which this remedy shall be had. Certainly it seems to us to be quite as wise to use the processes of the law and the powers of the court to prevent the evil, as to punish the offence as a crime after it has been committed.

We think it was within the power of the court of Plymouth County to issue the writs of injunction in these cases, and that the disobedience to them by the plaintiffs in error subjected them to the proceedings for contempt which were had before that court.

The judgment of the Supreme Court of Iowa is

*Affirmed.*