## FORREST v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit.   January 9, 1922.   Rehearing Denied February 20, 1922.)

No. 3756.

1. **Injunction ⬀230(3)—Evidence held to show knowledge of injunction by member of labor union and violation thereof.**

In contempt proceedings against a member of a labor union, which had been restrained from intimidating, assaulting, or threatening persons employed in operating merchant ships of the United States, evidence *held* to show his actual knowledge of the injunction order and his violation thereof, by assaulting a waiter on one of such vessels, who had turned in his union card.

2. **Injunction ⬀213—Service on labor organization held notice to member.**

Where a restraining order was expressly addressed to various labor associations and all persons associated with them, service on one of such associations was notice to a member.

3. **Injunction ⬀230(2)—Papers on motion for attachment for contempt in violating labor injunction held sufficient.**

Where the United States attorney moved for an attachment in the name of the United States, the Shipping Board, and the Emergency Fleet Corporation, for violation of an injunction restraining intimidation, etc., of employees, and made a part of the petition affidavits disclosing the publicity of the injunction, and showing that defendant was a member of one of the associations enjoined, and that he assaulted an employee of a vessel of the United States, and the petition prayed for an attachment against the officers of such association and certain named members thereof, it sufficiently showed the jurisdictional facts, and sufficiently furnished defendant with detailed information of the specific charge against him.

4. **Injunction ⬀230(2)—Failure of petition for attachment for contempt to pray for any special punishment did not deprive court of jurisdiction.**

Under Judicial Code, § 268 (Comp. St. § 1245), authorizing punishment for contempt by fine or imprisonment, the failure of a petition by the United States attorney for attachment, in the name of the United States and certain governmental agencies, to pray for any special punishment, did not deprive the court of power to proceed.

5. **Injunction ⬀230(1)—Proceeding for attachment for violation held one of criminal, and not civil, contempt.**

Where, in a suit by the United States, the Shipping Board, and the Emergency Fleet Corporation, an order was granted restraining a number of labor unions and their officers and agents from intimidating, assaulting, or threatening persons employed on merchant ships of the United States, a proceeding for attachment for violation of such order, brought by the United States attorney in the name of the United States and such governmental agencies, was a case of criminal, rather than civil, contempt.

6. **Jury ⬀21(4)—Jury trial not allowed by statute in proceeding for violation of injunction in suit by the United States.**

Where an order restraining labor unions, their officers and agents, from intimidating, assaulting, or threatening persons employed and operating merchant ships of the United States, was granted in a suit by the United States, the Shipping Board, and the Emergency Fleet Corporation, a proceeding to punish violations thereof as a contempt was not within the class of contempts in which trial by jury is allowed by Clayton Act, §

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

22 (Comp. St. § 1245b), in view of section 24 (section 1245d), relative to contempts in disobedience of any order, etc., in any suit brought by the United States.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Suit by the United States and others against the Marine Cooks' and Stewards' Association of the Pacific Coast and others. From an order adjudging him in contempt, Edwin Forrest appeals. Affirmed.

H. W. Hutton, of San Francisco, Cal., for appellant.

John T. Williams, U. S. Atty., and Frederick Milverton, Sp. Asst. U. S. Atty., both of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Appellees who had been plaintiffs in a suit for injunction in the United States District Court in California petitioned for the attachment of appellant Forrest and other members of the Marine Cooks' and Stewards' Association of the Pacific Coast for violation of a restraining order issued on May 26, 1921, in the injunction suit. The petition, which was signed by the United States Attorney and the Special Assistant United States Attorney, was based upon the return of service of the bill of complaint and restraining order in the equity suit and certain affidavits made part of the petition. In one of the affidavits Mendez, a member of the Cooks' and Stewards' Association, swore that on June 1, 1921, with one Rivas, he called at the headquarters of the union to turn in his union card; that the collector of the union took up the card and told him that he was in a "bad fix," and should not return to work on the ship Golden State, which was owned by the United States; that when affiant left the building two men followed him, and one Forrest struck him on the head and body and attempted to break his arm. There was a corroborating affidavit.

The equity suit, in which the restraining order was issued, was against a number of labor unions and their officers and agents, including the Marine Cooks' and Stewards' Association of the Pacific Coast, with headquarters at San Francisco. The complaint charged with much detail that on May 1, 1921, the unions by strike orders and other ways compelled men who had theretofore been employed in operating merchant ships of the United States to leave the vessels, and, conspiring to injure the property and rights of the United States, had caused seamen and others seeking employment or employed to be intimidated, assaulted, and threatened with bodily harm. The restraining order was issued to prevent continuance of such acts.

[1, 2] When the contempt proceedings came on, demurrer was overruled, whereupon Forrest pleaded not guilty, and demanded a jury trial. The demand was denied, and after hearing testimony the court adjudged him guilty of contempt, and ordered him imprisoned for 60 days and fined $100. Forrest appealed and contends that there was no showing that he had notice of the restraining order. On direct examination appellant testified in his own behalf that he had no information of the restraining order, but on cross-examination said:

"I might have heard of it, but I never paid any attention to it, because it was never called to my attention particularly."

Forrest said that he was at the union headquarters on June 1st, stayed a few minutes looking for mail, and then left; that on the stairs two men were standing in his way, and upon requesting them to let him pass one insulted him; that he invited him outside, and was going to ask him to take back the insult, and "grabbed hold of his arm"; that the man "went to his pocket," whereupon he slapped him; that he did not know Mendez, or where he was working; that he knew there was a strike going on; that he was at the union quarters several times between May 13th and June 1st, but could not say it was a matter of common talk around union headquarters that an injunction had been issued.

The evidence of the prosecution consisted of the return of service, of a bill of complaint and restraining order and the testimony of Mendez and several others. The return showed that on May 27th a certified copy of the order to show cause, and of a restraining order, temporary restraining order, and complaint in the equity suit were served upon the Marine Cooks' and Stewards' Association by handing copies to the secretary, and that copies of the papers were posted in the Marine Cooks' and Stewards' Association at Commercial street, San Francisco, and at various other designated places. It also appeared that wide publicity was given in the newspapers to the fact that a restraining order had been issued.

After reading the evidence, we think there is no reasonable doubt that Forrest had actual knowledge of the existence of the injunction order. Mendez testified that he was a waiter on the Golden State, and was at union headquarters on June 1st; that men followed him downstairs as he left, and that Forrest asked him why he worked on the Golden State, and grabbed him by the arm, and tried to break it; that others hit him, and that no one asked him to let him pass on the stairs. One Rivas gave a substantially similar version of the affair. A policeman testified that Forrest said Mendez pulled a pistol, but he saw none. But, in any event, the association of which Forrest was a member having been a party to the suit in which the restraining order was issued, the service upon the association was notice to him as a member. The mandate of the court was expressly addressed to various associations, including that to which Forrest belonged, and all persons associated with them. He therefore had notice, and his acts must be judged accordingly. Upon the merits the court found the account of Mendez to be the true one, and we are satisfied that the evidence clearly sustains the finding.

[3, 4] Relying upon Gompers v. Bucks Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, appellant contends that the moving papers were insufficient, in that the papers should have disclosed knowledge that the Golden State belonged to one of the plaintiffs in the equity suit, knowledge that Mendez worked on the ship named, and was assaulted because he worked on that vessel, and also should have contained a prayer for punishment. The Gompers Case is to be distinguished from this. There the contempt

was expressly held to be a civil one, established in a proceeding where the complaining party sought a remedy for its benefit, and all parties adopted the theory that the proceeding was part of the original cause and any punishment would be remedial, for the benefit of the private party, rather than punitive, for the vindication of the authority of the court. The court in its conclusions said:

" * * * This was a proceeding in equity for civil contempt where the only remedial relief possible was a fine payable to the complainant."

But in the case under examination the United States attorney moved for attachment in the name of the United States and certain agencies of the government. The affidavits made part of the petition set up the disobedience of the order. They disclosed the publicity of the injunction, and made clear the fact that Forrest was a member of the association mentioned, that he assaulted Mendez, who was an employee on the Golden State, a vessel of the United States; and the petition prayed:

"That an attachment issue against * * * officers of the defendant Marine Cooks' and Stewards' Association of the Pacific Coast and Edwin Forrest, * * * members, * * * for a violation of the temporary restraining order heretofore, to wit, on May 26, 1921, issued in the above-entitled court and cause."

Facts essential to jurisdiction sufficiently appeared, and the defendant was furnished with detailed information of the specific charge against him. Failure to pray for any special punishment did not deprive the court of power to proceed. In Creekmore v. United States, 237 Fed. 743, 150 C. C. A. 497, L. R. A. 1917C, 845, section 268 of the Judicial Code (Comp. St. § 1245) is carefully examined, and the Court of Appeals of the Eighth Circuit said that, while the statute gives almost unlimited discretion as to the character and extent of punishment, no benefit would be derived from requiring special prayer for a given kind of punishment. The service performed by the prayer is simply to aid in determining whether the proceeding is as for criminal or civil contempt. Doyle v. London Guarantee & Accident Co., 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. 641; U. S. v. Huff (D. C.) 206 Fed. 700. Schwartz v. United States, 217 Fed. 866, 133 C. C. A. 576, holds that there is no fixed formula for contempt proceedings, and that it is sufficient if the offense is set out, so as to inform defendant clearly of the charge against him and whether a civil or criminal contempt is alleged, "and this is to be determined by an examination of the whole record."

[5, 6] It is quite apparent from the record that this was a case of criminal rather than civil contempt, and was rightly so regarded by the District Court; and the writ violated having issued in a suit by the United States in its behalf, it is not within the class of contempts where trial by jury is allowed under the provisions of the Clayton Act (38 Stat. p. 738, § 22, Act of Congress, October, 1914 [Comp. St. § 1245b]); and there was no error in denying a jury trial (Eilenbecker v. District Court of Plymouth County, 134 U. S. 31, 10 Sup. Ct. 424, 33 L. Ed. 801; section 24 of the act referred to [Comp. St. § 1245d]; Kreplik v. Couch Patents Co., 190 Fed. 565, 111 C. C. A. 381).

We find no error, and affirm the judgment.