## Ex parte SULLIVAN.

Circuit Court of Appeals, Ninth Circuit.
May 12, 1936.

S. K. Williams and John J. McCullough, both of Bisbee, Ariz., for petitioner.

WILBUR, Circuit Judge.

The petitioner, after having been convicted of murder in the first degree and sentenced to die on May 15, 1936 [see Sullivan v. State (Ariz.) 55 P.(2d) 312], applied to the District Court of the United States for the District of Arizona, for writ of habeas corpus after a similar writ had been denied by the Supreme Court of the state. The District Court denied the application for the writ and denied the application for leave to appeal to this court.

Petitioner asked that his petition for appeal be allowed by a judge of this court and that a certificate of probable cause and for stay of execution be issued on the granting of such petition. In addition to this application, he files an original petition to this court for the issuance of a writ of habeas corpus.

The petition for the allowance of the appeal and certificate of probable cause refer to the original petition for writ of habeas corpus addressed to this court for a statement of the facts which he seeks to present to this court by the appeal and by the petition for the writ. The whole matter can be considered upon application for leave to appeal and for the certificate of probable cause. The petitioner claims that he has been deprived of his right to life and liberty without due process of law, in violation of the Fourteenth Amendment to the Constitution, and that he has likewise been deprived of a fair trial, and his constitutional rights have been denied because he was not confronted with the witnesses against him and was not allowed to be present at all the proceedings had in the trial of the case, but it appears from the petition that he is basing his contention solely upon the claim that the record in the Arizona courts did not affirmatively show that he was present at the trial. This is not a sufficient showing to justify the intervention of the federal courts where it must affirmatively appear that the petitioner had been deprived of rights under the Federal Constitution. Eilenbecker v. District Court of Plymouth County, 134 U.S. 31, 35, 10 S.Ct. 424, 33 L. Ed. 801.

The petition contains a copy of a letter addressed by the trial judge to the Board of Pardons and Paroles of the state of Arizona in which the judge certifies to that board that "it is my opinion that Jack Sullivan, the said defendant, was guilty of murder in the second degree in this case." The board, however, denied the application of the petitioner for pardon or commutation of sentence and the petitioner uses the letter to enforce his contention that during the trial in the state court the jury were not clearly informed of the distinction between murder in the first degree and murder in the second degree. It is contended, for instance, that it was the duty of the trial court to instruct the jury as to the distinction between murder in the first and second degree and that without regard to the question of whether or not the defendant had requested such instruction. This question, it will be observed, relates solely as to whether or not the trial court committed error during the progress of the trial and is not a proper one for presentation to the federal court upon petition for writ of habeas corpus.

It is alleged that one of the jurors was not qualified under the law of Arizona because he had not been a resident of the state for six months prior to his serving and being summoned on the jury. This question can only be raised by direct appeal.

The petitioner also complains of conflicting instructions given to the jury upon the degrees of murder. Petitioner complains that the court allowed two officers to testify to admissions of the defendant to the commission of other crimes. He complains of instructions of the trial court with relation to the premeditation as affecting first-degree murder. Petitioner contends he was denied a fair trial because the court did not instruct the jury that it was not necessary for him to take the stand in his own behalf and that if he did not do so the jury could not consider it against him in arriving at a verdict, although no such instruction was requested. Petitioner claims that the county attorney used improper language in denouncing the defendant as a low-down murderer, and stating to the jury

that if he was found guilty of first-degree murder and the penalty fixed at life imprisonment he would probably be released in a few years to kill and murder again.

■■ The writ of habeas corpus is not to be used in lieu of a writ of error or appeal and mere errors in the trial of the petitioner, however much they may affect his rights, cannot be considered on such an application. Appellant contends that the submission to the jury of the question whether or not the defendant, in the event he was convicted of murder in the first degree, should be sentenced to life imprisonment or to death was a violation of his rights under the Fourteenth Amendment to the Constitution of the United States. There is no merit in this contention.

I have given a general statement of the nature of the petition without calling attention to each item contained in the petition and to the particular claim with reference to the alleged violation of the Constitution of the United States for the purpose of showing clearly that the questions involved are all procedural and in no respect affect the constitutional rights of the defendant. The trial court had jurisdiction of the petitioner, and of the offense with which he was charged. The application for leave to appeal is denied and the original petition is also denied. In denying the original petition for the writ addressed to this court, I have deemed it equivalent to a petition to me as a Circuit Judge, and deny the petition, but in doing so do not wish to be understood as commending the practice of applying to this court or its members both by original petition, and by petition for leave to appeal and for certificate of probable cause.