Jan **CRISWELL,** Thomas Misner, George Goff, Gary Lee Evilsizer, Eugene Wainwright, Gary Frazer, and Glen M. McGhee, Plaintiffs,

v.

Honorable David E. **HENDRICKSON,** Lee County District Court, Defendant.

No. 2–68825.

Court of Appeals of Iowa.

Oct. 25, 1983.

As Amended March 5, 1984.

Charles Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for plaintiffs.

Thomas J. Miller, Atty. Gen., Michael K. Jordan, and Sherie Barnett, Asst. Attys. Gen., for defendant.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

This certiorari action challenges the findings of the Honorable David B. Hendrickson that each petitioner was in contempt for failure to testify before a Lee County Grand Jury and the subsequent imposition of six-month jail terms on each petitioner. We annul the writ.

The petitioners in this certiorari action are inmates at Fort Madison. Each of the seven petitioners was served with a subpoena ordering them to appear and testify before the Lee County Grand Jury. Each refused to appear.

On June 29, 1982, a motion to show cause was filed against each petitioner based upon their failure to appear and testify. Each petitioner received notice of the show cause hearing through the prison mail system, and each was assured that they would be provided court-appointed counsel at that time. In addition, they were given the option of securing counsel prior to the hearing. On June 30, 1982, the district court of Lee County, Judge Hendrickson presiding, conducted an evidentiary hearing pursuant to the motions to show cause. Judge Hendrickson found each petitioner to be in contempt and sentenced each to a six-month term to commence at the end of any existing prison sentences.

On July 30, 1982, each petitioner filed a petition for writ of certiorari. On August 25, 1982, the supreme court, per Harris, J., sustained and granted the petitions for certiorari and ordered that the cases be consolidated. The petitioners now assert: (1) that the court lacked jurisdiction to find them in contempt because they were not served personally with a rule to show cause; (2) that the evidence was insufficient to support the trial court's finding of contempt; (3) that the trial court should be required to state on the record the reasons for the sentence imposed; and (4) that the trial court abused its discretion by sentencing each petitioner to a six-month jail term.

■ I. *Jurisdiction.* Petitioners first argue that the trial court lacked jurisdic-

tion to find them in contempt because of a failure to personally serve each petitioner with a rule to show cause.[1] The applicable statute provides:

> Before punishing for contempt, unless the offender is already in the presence of the court, he must be served personally with a rule to show cause against the punishment, and a reasonable time given him therefor; *or he may be brought before the court forthwith, or on a given day, by warrant, if necessary.* In either case he may, at his option, make a written explanation of his conduct under oath, which must be filed and preserved.

Iowa Code § 665.7 (1981) (emphasis added). Because we find that the statute was satisfied by the petitioners' personal appearance before the court, the jurisdictional argument must fail. Each petitioner was present personally before Judge Hendrickson at the show cause hearing. Each was represented by counsel, given the opportunity to cure his default, and had the opportunity to explain his failure to appear before the grand jury. While the petitioners were given only one day's notice before the hearing, none allege any prejudice because of lack of preparation. A reading of the hearing transcript indicates that each petitioner had ample opportunity to consult with his appointed counsel and to prepare his defense. We find that no more is required under section 665.7. This case is similar in many respects to *Manderscheid v. District Court,* 69 Iowa 240, 242, 28 N.W. 551, 552 (1886), *aff'd sub nom. Eilenbecker v. District Court,* 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801 (1890). In that case the alleged contemners were served with a notice to show cause signed by attorneys for the opposing party in a civil action. While not served with an order to show cause, they did appear in person and attempted to show cause. The supreme court held that although the procedure was "irregular," since the plaintiffs appeared and attempted to show cause, and since

they were in no way prejudiced by the irregularity, the jurisdictional challenges lacked merit. Likewise, in this case, the petitioners appeared before Judge Hendrickson and attempted to show cause. They were represented by counsel and every opportunity to present a defense was afforded them. Since the petitioners suffered no prejudice, the jurisdictional challenges must fail.

■ II. *Sufficiency of the Evidence.* Petitioners next challenge the sufficiency of the evidence to support the trial court's finding of contempt.[2] In this certiorari action, we do not review the evidence de novo. We need only examine the evidence to assure that proof of contempt is clear and satisfactory. *Wilson v. Fenton,* 312 N.W.2d 524, 527 (Iowa 1981); *Rausch v. Rausch,* 314 N.W.2d 172, 174 (Iowa Ct.App. 1981). Petitioners argue that their fear of reprisals, if they testified before the grand jury, was sufficient to excuse their refusal to testify and that the burden was upon the State to *disprove* this allegation by clear, convincing and satisfactory evidence. We note initially that the bald assertions by the petitioners that they feared reprisal should they testify before the grand jury is not sufficient justification, standing alone, to render them immune from contempt proceedings. *See Gibb v. Hansen,* 286 N.W.2d 180, 186–88 (Iowa 1979). The petitioners here argue that the trial court acted illegally and in violation of their constitutional right to pursue and obtain safety in finding them in contempt for refusing to appear and to testify before the grand jury. Petitioners bore the burden of providing the trial court with specific evidence, other than their general statements, to show that they had reason to fear for their safety. *See Foust v. Denato,* 175 N.W.2d 403 (Iowa 1970). A review of the testimony at the show cause hearing provides little, if any, support for this argument. While several of the petitioners mentioned a ge fear of reprisal, they did so only in response to

---

1. This issue was waived by petitioners Thomas Misner, George Goff, and Eugene Wainwright.

2. This issue, like the first was waived by petitioners Thomas Misner, George Goff, and Eugene Wainwright.

leading questions from counsel. The petitioners' major complaint was that they knew nothing about the matter under investigation by the grand jury. The evidence of contempt with respect to each petitioner was clear, satisfactory and convincing, since each petitioner admitted to disobeying the subpoena and refusing to testify before the grand jury. Further, each refused to cure their contempt by agreeing to so testify. Because contempt was proven, it was then incumbent upon the petitioners to present evidence in support of their defense. Their unsubstantiated assertions of fear of reprisal do not provide a defense. We find, after reviewing all of the evidence, that the proof of contempt was clear and satisfactory. The State was not required to disprove petitioners' unsubstantiated allegations regarding fear of reprisals.

The petitioners further assert that the court failed to comply with Iowa Code section 665.10 (1981). That section requires the court in a contempt hearing to state the facts and circumstances on which the court acted. In this case there is no doubt that the court found petitioners' conduct was not excused by their defense. Section 665.10 was intended as a means to preserve a record of the reasons for the judgment. The record in this case does so adequately. The evidence was fully preserved and made a matter of record. *See Bisignano v. Municipal Court of Des Moines*, 237 Iowa 895, 23 N.W.2d 523, *cert. denied* 330 U.S. 818, 67 S.Ct. 674, 91 L.Ed. 1270 (1946). We find no error.

III. *Reasons for Sentence.* Petitioners assert that the trial court acted illegally in failing to provide reasons on the record for the sentence imposed. Petitioners offer no persuasive authority for this proposition, but the argument seems to be based upon the preservation of the record for appeal. Chapter 665 of the Iowa Code which governs contempt proceedings places no burden on the trial court to specify its reasons for imposing any particular sentence. Even if such a showing were required, it is clear on this record that the

maximum sentence of six months was imposed because of the petitioners' failure to comply with the subpoena and their continuing refusal to testify.

IV. *Abuse of Discretion.* Petitioners finally argue that the sentence imposed constituted an abuse of discretion on the part of the trial court. While it is true that this court can reduce a sentence that it finds excessive, *see Green v. Harrison*, 185 N.W.2d 722, 724 (Iowa 1971), we do not find the sentences imposed in this case to be excessive.

Because we find the petitioners' arguments to lack merit, we annul petitioners' writ of certiorari.

WRIT ANNULLED.