PER CURIAM.
Affirmed. As best we can glean from appellant’s brief, he contends that he was entitled to a jury trial on a motion to hold him in civil contempt for violating a prior court order. However, it is within the province of the court, without a jury, to hear and determine all questions of law and fact in connection with a contempt proceeding. See § 38.22, Fla. Stat. (1999); South Dade Farms, Inc. v. Peters, 88 So.2d 891, 898 (Fla.1956). Although appellant cites to Article I, section 22 of the Florida Constituiion, as requiring a trial by jury, that section applies to proceedings in which at the time of the adoption of the Constitution, a jury trial was granted. See Carter v. State Road Dept., 189 So.2d 793, 795 (Fla.1966). There was no right to trial by jury in civil contempt proceedings at common law. See South Dade Farms, Inc., 88 So.2d at 898. In Eilenbecker v. District Court of Plymouth County, 134 U.S. 31, 36, 10 S.Ct. 424, 426, 33 L.Ed. 801 (1890),[1] the Supreme Court stated:
[i]f it has ever been understood that proceedings according to the common law for contempt of court have been subject to the right of trial by jury, we have been unable to find any instance of it. It has always been one of the attributes — one of the powers necessarily incident to a court of justice — that it should have this power of vindicating its dignity, of enforcing its orders, of protecting itself from insult, without the necessity of calling upon a jury to assist it in the exercise of this power.
As to the other issues raised in this appeal, we affirm.
WARNER, C.J., POLEN and FARMER, JJ., concur.

. In Bloom v. Illinois, 391 U.S. 194, 198, 88 S.Ct. 1477, 1488, 20 L.Ed.2d 522 (1968), the court extended a right to jury trials in serious criminal contempt proceedings.