# IN THE COURT OF APPEALS OF IOWA

No. 24-1331
Filed October 15, 2025

**EAGLE RISE DEVELOPMENTS, LLC, TROY SCOTT WILBUR and ALEXANDER SCOTT WILBUR,**
    Plaintiffs,

**vs.**

**IOWA DISTRICT COURT FOR CLINTON COUNTY,**
    Defendant.
_____

Appeal from the Iowa District Court for Clinton County, Brian Wright, Magistrate.

On certiorari, a limited liability company and its member-managers contest the legality of a magistrate's contempt order. **WRIT ANNULLED IN PART AND SUSTAINED IN PART.**

Billy J. Mallory and Trevor A. Jordison of Mallory Law, Urbandale, for appellants.

Patrick J. O'Connell and Madison P. Huntzinger of Lynch Dallas, P.C., Cedar Rapids, for appellee.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Eagle Rise Developments, LLC is the owner of a former middle school building in Clinton that fell into disrepair after the derecho in August 2020. Two years later—with the building still in a dilapidated condition—the City of Clinton initiated municipal infraction proceedings against the company. After a hearing on the City's citation, a magistrate ordered the company to pay a $6500 civil penalty, register the building as a vacant property, and repair the building's roof. When the company failed to comply with that order, the City filed a contempt application. The magistrate found the company and its member-managers—Troy and Alexander Wilbur—in contempt. The district court summarily denied their appeals from the magistrate's order.

Eagle Rise and the Wilburs then petitioned for a writ of certiorari, which was granted by our supreme court. They challenge the court's personal and subject matter jurisdiction, raising issues with the City's service of notice. They also raise due process violations and contend the contempt finding was not supported by sufficient evidence. We conclude that the court had both personal and subject matter jurisdiction over Troy Wilbur and Eagle Rise and annul the writ as to them. We sustain the writ as to Alexander Wilbur and vacate the fine and jail sentence imposed. All remaining claims were not preserved for our review.

## I.        Background Facts and Proceedings

Troy Wilbur and his son, Alexander, formed Eagle Rise Developments, LLC in 2019. They are the sole member-managers of the company, and Alexander serves as its registered agent.

In January 2020, Eagle Rise bought a former middle school building in Clinton. Eight months later, a derecho tore through the town, damaging the building. After receiving complaints from residents about the building's condition, the City of Clinton conducted an inspection and notified the company that the building was in violation of city ordinances. When the company failed to remedy the violations, the City filed a citation against it in March 2022 for municipal infractions. *See* Iowa Code § 364.22(6) (2022) (setting out the procedure for municipal infractions and providing they shall be tried in the same manner as a small claim). Following a hearing, a magistrate entered an order in August, finding that Troy—who appeared at the hearing on Eagle Rise's behalf—admitted "the roof in particular continues to be a serious problem and that it must be repaired." The court ordered the company to pay a $6500 civil penalty, register the building as a vacant property, and "completely repair the roof of the building" by July 1, 2023. The court also warned Eagle Rise that if it "fail[ed] to comply with the terms and provisions of this order, the City may file a Rule to Show Cause as to why the Defendant should not be held in Contempt."

Despite that warning, the company did not comply with any part of the court's order. So, near the end of July, the City filed a contempt application against Eagle Rise. The application and rule to show cause were served on Alexander, as the company's registered agent. A contempt hearing was held in November, after which the magistrate found that "Alexander Wilbur and Troy Wilbur, as member-managers of Eagle Rise Development[s] LLC have willfully disobeyed the Court's August 7, 2022 order in that no payment was made toward the $6500 civil penalty and that they failed to register the property at issue as a vacant property."

The court sentenced the Wilburs to thirty days in jail, with an opportunity to purge the contempt by paying the civil penalty and registering the property. Although the court did not find Eagle Rise in contempt for failing to repair the roof, it left the door open for "further contempt actions" if the company continued to willfully disobey the order.

Eagle Rise purged the contempt, but it did not complete the required roof repairs. As a result, the City filed a second contempt application against the company in January 2024, alleging that it "very intentionally repaired only the gym roof and ignored the vast majority of the roof which was ordered to be repaired." The rule to show cause ordered Eagle Rise, "by and through its Member-Managers, Troy Wilbur and Alexander Wilbur, to appear before the Court to show cause why it should not be held in contempt" at a hearing in March.

That hearing was continued because the City's process servers were unsuccessful in personally serving either of the Wilburs. After the sheriff's office made an unsuccessful attempt in February at the address listed for Alexander as the registered agent for the company, the City hired a private process server. The process server's notes detailed four attempts at service in February. Six more attempts were made in March and April. None were successful. Because of those unsuccessful attempts, the magistrate granted the City's request to continue the hearing until July and to serve notice by publication. The day before the hearing, the City filed an affidavit with proof of publication. The next day, Troy appeared at the contempt hearing on Eagle Rise's behalf. Alexander did not appear, although he was reportedly in the courthouse.

At the start of the hearing, Troy objected to proceeding, stating "[w]e were never notified," and he "just happened to find out about this court hearing yesterday." He also asked to continue the hearing so that his attorney could attend. The court denied Troy's objection, noting: "[Y]ou are here today, and as one of the member managers of Eagle Rise, we will proceed." And the court denied the continuance request because no attorney had entered an appearance for the company or the Wilburs.

With those preliminary matters out of the way, the City offered ten exhibits into evidence and called two witnesses. Troy made some objections, cross-examined the City's witnesses, and testified. After hearing this evidence, the magistrate again found "that Eagle Rise Developments, LLC, and Troy Wilbur and Alexander Wilbur, individually" were in contempt for failing to repair the building's roof. The court assessed a $100 fine against each of the Wilburs and ordered them both to serve a thirty-day jail sentence, with fifteen days suspended that could be "purged if Eagle Rise causes the entire roof, except for the gym roof, to be repaired in accordance with the specific requirements of the" August 2022 order.

The Wilburs filed notices of appeals from the magistrate's order, which the district court summarily denied, ruling: "Defendants have not filed grounds for an appeal." Eagle Rise and the Wilburs then petitioned for a writ of certiorari, which our supreme court granted. *See Opat v. Ludeking*, 666 N.W.2d 597, 606 (Iowa 2003) ("Although there is no statutory right to appeal from a contempt order, the proceeding may, in a proper case, be reviewed by certiorari." (citation omitted)).

## II.     Standard of Review

We generally review certiorari actions for correction of errors at law.  *Spitz v. Iowa Dist. Ct.*, 881 N.W.2d 456, 464 (Iowa 2016).  But when the action alleges a violation of a constitutional right, as this one does, our standard of review is de novo.  *Id.*

## III.     Analysis

We start with the jurisdictional issues raised by Eagle Rise and the Wilburs because a "judgment is void when the court lacks jurisdiction of the parties or of the subject matter."  *Opat*, 666 N.W.2d at 606 (citation omitted).  And a "void judgment is one that, from its inception, is a complete nullity and without legal effect."  *Id.* (citation omitted); *see also In re Est. of Falck*, 672 N.W.2d 785, 789 (Iowa 2003) ("A void judgment is subject to a collateral attack.").  Eagle Rise and the Wilburs argue that the magistrate court did not have personal or subject matter jurisdiction because they were never personally served with the contempt application or rule to show cause, Iowa Rule of Civil Procedure 1.310 does not allow service by publication for contempt cases, and the publication was defective.

Iowa Code chapter 665 (2024) confers statutory power on the court to hear and decide contempt cases.  *See Hutcheson v. Iowa Dist. Ct.*, 480 N.W.2d 260, 263 (Iowa 1992) ("Subject matter jurisdiction is the court's power to hear and determine cases of the general class to which a particular proceeding may belong."); *see also* Iowa Code § 665.2 (listing acts or omissions punishable as contempts "by any of the courts of this state, or by any judicial officer, including judicial magistrates").  Before someone can be punished "for an indirect contempt—a violation that occurs outside the presence of the court—due process

requires the accused be given notice and a reasonable opportunity to explain his or her conduct." *Workman v. Iowa Dist. Ct.*, No. 17-1038, 2018 WL 3302361, at *4 (Iowa Ct. App. July 5, 2018); *see also* Iowa Code § 665.7; *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980), *overruled on other grounds by Phillips v. Iowa Dist. Ct.*, 380 N.W.2d 706, 708–09 (Iowa 1986). Section 665.7 describes two procedures for bringing an accused into the court's presence: personal service of the order to show cause or by warrant.[1] *Workman*, 2018 WL 3302361, at *4. Neither was used here.

Instead, the City tried to serve Eagle Rise and the Wilburs with notice of the contempt proceeding by publication. But the City acknowledges that it failed to mail a copy of the notice to the parties' last known addresses as required by Iowa Rule of Civil Procedure 1.311. The City nevertheless contends that the court had personal jurisdiction over the parties because Troy appeared at the hearing. We agree as to Troy and Eagle Rise, but not Alexander.

"Normally a judgment entered against a party without notice is void, as the court has no personal jurisdiction over the defendant." *Opat*, 666 N.W.2d at 607. But, unlike subject matter jurisdiction, personal jurisdiction may be waived. "It is well-settled law when a party appears at trial in person or by counsel with actual notice of the trial, this is sufficient notice for judgment to be entered against that

---

[1] Section 665.7 states:

> Before punishing for contempt, unless the offender is already in the presence of the court, the offender must be served personally with an order to show cause against the punishment, and a reasonable time given the offender therefor; or the offender may be brought before the court forthwith, or on a given day, by warrant, if necessary.

party." *Falck*, 672 N.W.2d at 792; *see also Sioux Pharm, Inc. v. Summit Nutritionals Int'l, Inc.*, 859 N.W.2d 182, 190 (Iowa 2015) (noting personal jurisdiction can be waived by a party appearing before the court); *Criswell v. Hendrickson*, 344 N.W.2d 255, 257 (Iowa Ct. App. 1983) (finding the district court had personal jurisdiction over petitioners who appeared at a contempt hearing, even though the petitioners were not personally served with notice).

At the hearing, Troy stated that he had just learned about the proceeding the day before. Although he initially contested the City's service of notice—despite admitting that he had actual notice of the proceedings—he then tried to show cause why he and the company should not be held in contempt. He objected to the City's evidence, cross-examined witnesses, and testified in the company's defense, as well as his own. *Cf. McCourt Mfg. v. Rasmussen*, No. 09-1483, 2010 WL 3894485, at *3 (Iowa Ct. App. Oct. 6, 2020) ("[T]estifying as a witness in a trial does not constitute an 'appearance' for purposes of personal jurisdiction."). Because Troy appeared at and participated in the hearing on Eagle Rise's behalf,[2]

---

[2] We recognize that generally, "a corporation may not represent itself through nonlawyer employees, officers, or shareholders." *Hawkeye Bank & Tr. v. Baugh*, 463 N.W.2d 22, 25 (Iowa 1990); *see also Greer v. Tailor Maid Serv., LLC*, No. 24-0377, 2024 WL 5153992, at *3 (Iowa Ct. App. Dec. 18, 2024) ("Limited liability companies must be represented by a licensed attorney in judicial proceedings."). *But see* Iowa Code § 631.14(1) (stating that in small claims "actions in which a person other than an individual is a party, that person may be represented by an officer or an employee"). But because neither side raised this issue on appeal, we find that it has been waived. *See Compton Corp. v. All Star Feeds, Inc.*, No. 04-0003, 2005 WL 1224592, at *1 n.1 (Iowa Ct. App. May 25, 2005) ("[Plaintiff] did not raise the status of [defendants'] president either before the district court or before our court. Therefore, we deem the matter waived."); *Alexander Techs. Eur., Ltd. v. MacDonald Letter Serv., Inc.*, No. 05- 2023, 2007 WL 1827472, at *1 n.1 (Iowa Ct. App. June 27, 2007) (considering briefs from a nonlawyer when plaintiff did not contest nonlawyer appearing on behalf of a corporation). We have considered

we conclude the court had personal jurisdiction for the contempt proceeding against the company and Troy as one of its member-managers.

In reaching this conclusion, we reject the Wilburs' related argument that the court lacked jurisdiction over them because the City's contempt application failed to allege they were individually responsible for Eagle Rise's actions. First, it has long been held that while a "proceeding for contempt is necessarily personal; that is to say, the corporation, as such, cannot be imprisoned for contempt," those officers "acting in and of it, violating the injunction, may." *First Congregational Church v. City of Muscatine*, 2 Iowa 69, 74 (Iowa 1855). Second, the record shows that the Wilburs were aware of the court's August 2022 order and that they could be held in contempt for violating it. *See Sound Storm Enters., Inc. v. Keefe*, 209 N.W.2d 560, 569 (Iowa 1973) (finding corporate officers may be punished for contempt where they are aware of a writ directed to the corporation and they participate in the proscribed conduct); *Fargo Women's Health Org. v. Larson*, 391 N.W.2d 627, 633 (N.D. 1986) ("It is . . . well-established that an officer or agent of a corporation may be found in contempt of court if that officer or agent was responsible for the acts or inaction of the corporation that constituted the contempt."). Troy appeared on Eagle Rise's behalf at the initial municipal infraction hearing, and both Wilburs appeared in the first contempt proceeding, which resulted in punishments against them personally for the corporation's inaction. The second contempt application outlined those prior proceedings, and the order to show cause directed both Wilburs to appear at the contempt hearing.

---

whether this issue implicates subject matter jurisdiction and conclude that it does not. *Compton Corp.*, 2005 WL 1224592, at *1 n.1.

That said, while we conclude the court had personal jurisdiction over Troy and Eagle Rise, it did not have jurisdiction over Alexander because he was not at the second hearing or properly served with notice. The City seems to concede this point, as it does not advance any argument in support of finding that the court had personal jurisdiction over Alexander. We accordingly sustain the writ as to Alexander and vacate the sanctions imposed by the magistrate against him personally.

This leaves us with the due process and sufficiency-of-the-evidence claims raised by Troy and Eagle Rise. We conclude that error was not preserved on those claims because they were not raised before the district court or decided by it on review of the magistrate's contempt order. "Certiorari actions are not an exception to the requirement that claims must be first raised in the district court before we address them." *Huffer v. Iowa Dist. Ct.*, No. 23-0885, 2024 WL 4039430, at *1 (Iowa Sept. 4, 2024); *see also Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 489 (Iowa 2003) ("The rule is well established that in certiorari actions we will not review questions not presented to the so-called inferior tribunal." (cleaned up)). And the "rules of error preservation apply with equal force to constitutional issues." *Beaver v. McAtee*, No. 15-1241, 2016 WL 1696927, at *3 (Iowa Ct. App. Apr. 27, 2016); *see also Gibb v. Hansen*, 286 N.W.2d 180, 185 (Iowa 1979) (declining to consider constitutional attacks on contempt statute because "none of these questions . . . were ever presented to the district court"). As a result, we do not address the merits of these unpreserved claims.

**IV.**     **Conclusion**

Because we conclude the court had personal and subject matter jurisdiction over Troy Wilbur and Eagle Rise Developments, LLC, we annul the writ as to them. But we sustain the writ as to Alexander Wilbur and vacate the fine and jail sentence imposed on him.

**WRIT ANNULLED IN PART AND SUSTAINED IN PART.**