SMITH v. GOVERNMENT OF CANAL ZONE ex rel. MacINTYRE.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1917.)

No. 2911.

1. COURTS ⬅405(4)—JURISDICTION OF APPELLATE COURT.

Act Aug. 24, 1912, c. 390, § 9, 37 Stat. 565 (Comp. St. 1913, § 10045), gives jurisdiction to the Circuit Court of Appeals of the Fifth Circuit to review, revise, modify, reverse, or affirm judgments or decrees of the District Court of the Canal Zone, only where the Constitution or any statute or treaty, etc., of the United States is involved, and a right thereunder denied, or in cases where the value in controversy exceeds $1,000, or in criminal cases, where the offense charged is punishable as a felony. Defendant was convicted of contempt in the District Court of the Canal Zone and fined $25. Held, that as he was not, under the Constitution of the United States, entitled to a, jury trial, the Circuit Court of Appeals had no jurisdiction to review the conviction; the 'fine amounting to less than $1,000, and the offense not beng punishable as a felony.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1098; Dec. Dig. ⬅405(4).]

2. JURY ⬅21(4)—CONTEMPT—RIGHT TO JURY TRIAL.

In a proceeding in a federal court to punish for contempt, defendant is not entitled to a jury trial under the federal Constitution.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 139; Dec. Dig. ⬅21(4).]

In Error to and Appeal from the District Court of the Canal Zone; William H. Jackson, Judge.

Proceeding by the Government of the Canal Zone, on the relation of William C. MacIntyre, against H. A. A. Smith, for contempt of

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court. Defendant was convicted of contempt, and he appeals and brings error. Appeal and writ of error dismissed.

Frank Feuille, of Ancon, Canal Zone, for plaintiff in error and appellant.

Walter Guion, U. S. Atty., of New Orleans, La., and William C. MacIntyre, of Cristobal, Canal Zone, for defendant in error and appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. The record shows petitioner and appellant was tried and convicted in the District Court of the Canal Zone for contempt of court and sentenced to the payment of a fine of $25. He first sued out an appeal to this court, giving bond, but filing no assignments of error. At a later day he sued out a writ of error, principally assigning as errors the denial of the right of a trial by jury, and that under the proceedings he was deprived of due process of law, in violation of the Constitution of the United States. The defendant in error and appellee moves to dismiss, on the ground that this court is without jurisdiction to review the proceedings complained of.

[1] It is conceded that the case sought to be reviewed is a criminal cause. Our jurisdiction to review cases from the District Court of the Canal Zone is to be found in an "Act to provide for the opening, maintenance and protection and operation of the Panama Canal, and the sanitation and government of the Canal Zone, approved August 24, 1912." 37 Stat. 560. By the ninth section of that act jurisdiction is given to this court to review, revise, modify, reverse, or affirm final judgments or decrees of the District Court of the Canal Zone, and to render such judgment as in the opinion of the court should have been rendered by the trial court, only where (a) the Constitution, or any statute, treaty, title, right, or privilege of the United States is involved, and a right thereunder is denied; or (b) in cases in which the value in controversy exceeds $1,000; or (c) in criminal cases wherein the offense charged is punishable as a felony. Certainly, this is not a case in which the value in controversy exceeds $1,000, nor is it a criminal case wherein the offense charged is punishable as a felony.

[2] The plaintiff in error and appellant here contends that, as he was denied in the course of the trial the right to a trial by jury, thereby he was deprived of a right guaranteed to him by the Constitution of the United States. This claim, we think, is without foundation. See Eilenbecker v. Plymouth County, 134 U. S. 36, 10 Sup. Ct. 424, 33 L. Ed. 801; Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405; Watson v. Williams, 36 Miss. 331–341.

The motion to dismiss is granted, and the appeal and writ of error are dismissed.

GRUBB, District Judge, concurs.