## WEIL v. GOVERNMENT OF CANAL ZONE.

### No. 5738.

Circuit Court of Appeals, Fifth Circuit.

July 12, 1930

John R. Hunter, of Alexandria, La., and Warren Doyle, of New Orleans, La., for appellant.

Charles J. Riley, Dist. Atty., of Ancon, Canal Zone (J. J. McGuigan, Asst. Dist. Atty., of Ancon, Canal Zone, on the brief), for the Government of Canal Zone.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

Appellant was convicted by a jury on an information charging the illegal purchase of public property from a soldier of the United States Army and was sentenced to pay a fine of $500 and to be confined in the common jail for the Balboa division of the District Court of the Canal Zone for the term of one year.

At the outset our jurisdiction over the appeal is challenged.

Under the provisions of the Act of April 28, 1904 (33 Stat. 429), courts were established and rules and regulations, having the force of law, were adopted by order of the President to govern the Canal Zone. By the Act of August 24, 1912 (37 Stat. 560), the courts thus established ceased to exist and the jurisdiction theretofore exercised by them was transferred to magistrate courts and a district court created by the said act (sections 7–9). By the same act appellate jurisdiction was vested in this court (section 9). The Act of August 24, 1912, further provided that: "All laws, orders, regulations, and ordinances adopted and promulgated * * * in the Canal Zone by order of the President for the government and sanitation of the Canal Zone and the construction of the Panama Canal are * * * ratified and confirmed as valid and binding until Congress shall otherwise provide." Section 2 (48 USCA § 1309). By the Act of August 24, 1912, § 8, as amended by the Act of September 21, 1922, § 2 (48 USCA § 1345) the District Court was given jurisdiction of all felony cases under the laws of the Canal Zone and of all cases within the jurisdiction of the Circuit Court of the Canal Zone. For a more elaborate discussion of these laws, see McConaughey v. Morrow, 263 U. S. 39, 44 S. Ct. 78, 68 L. Ed. 153; Fullerton v. Government of Canal Zone (C. C. A.) 8 F.(2d) 969.

Our jurisdiction on appeal is provided for by section 3 of the Act of September 21, 1922, amending section 9, Act Aug. 24, 1912 (48 USCA § 1356), which, so far as necessary to quote, is as follows: "The Circuit Court of Appeals of the Fifth Circuit of the United States shall have jurisdiction to review, revise, modify, reverse, or affirm the final judgments and decrees of the district court of the Canal Zone, and to render such judgments as in the opinion of the said appellate court should have been rendered by the trial court in all actions and proceedings in which the Constitution or any statute, treaty, title, right, or privilege of the United

States is involved, and in cases in which the value in controversy exceeds $1,000, to be ascertained by the oath of either party or by other competent evidence, and also in criminal cases wherein the offense charged is punishable as a felony."

No question was raised in the District Court involving the Constitution, any statute, treaty, right, title, or privilege of the United States. It is apparent that this is not a case in which the value in controversy exceeds $1,000 and therefore our jurisdiction over the appeal depends upon whether the offense charged is punishable as a felony. Smith v. Government of Canal Zone (C. C. A.) 239 F. 133.

The executive order for violation of which appellant was convicted is to be found at pages 121 and 122 of the "Executive Orders Relating to the Panama Canal, Annotated, 1921" and is as follows:

"By virtue of the authority vested in me, I hereby establish the following order for the Canal Zone:

"Section 1. Whoever shall knowingly purchase or receive in pledge for any obligation or indebtedness from any soldier, officer, sailor, or other person called into or employed in the military or naval service, any arms, equipment, ammunition, clothes, military stores, or other public property, whether furnished to the soldier, officer, sailor, or person under a clothing allowance or otherwise, such soldier, officer, sailor, or other person not having a lawful right to pledge or sell the same, shall be fined not more than five hundred dollars and imprisoned in jail not more than two years; and the Circuit Court of the Circuit, wherein such supplies or equipment may have been unlawfully purchased or received in pledge shall have jurisdiction of the offense.

"Section 2. This Order shall take effect Sixty Days from and after its publication in the Canal Record.

"Wm. H. Taft."
"The White House,
"November 15, 1911."

Section 14 of title 2, Penal Code, Laws of the Canal Zone, Annotated, 1921, p. 94, defines a felony and is as follows:

"Sec. 14. A felony is a crime which is punishable with death, or by imprisonment in the penitentiary. Every other crime is a misdemeanor. When a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in jail, in the discretion of the court, it shall be deemed a

misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary."

Both the executive order and the section of the Code above quoted were continued in full force and effect by the act of 1912. There has been no further legislation on the subject. We think it was clearly the intention of Congress to adopt and give effect to the article of the Canal Zone Penal Code defining a felony when vesting jurisdiction in this court over criminal cases wherein the offense charged is punishable as a felony. Hawaii v. Mankichi, 190 U. S. 197, 23 S. Ct. 787, 47 L. Ed. 1016.

We need not consider whether a case involving an offense punishable by imprisonment in a penitentiary and also in a jail comes within our jurisdiction as the offense of which appellant is convicted is not punishable by imprisonment in a penitentiary at all. Canal Zone has a penitentiary and also common jails. The sentence was confinement in jail. It was not punished as a felony. It is unfortunate that there is a hiatus in our appellate jurisdiction over criminal cases of importance, but the remedy is with Congress and not with the courts.

Appeal dismissed.