---

### Ex parte BICK.

#### (Circuit Court, S. D. New York. June 29, 1907.)

1. BANKRUPTCY—CONTEMPT—ACTS CONSTITUTING MISBEHAVIOR—GIVING FALSE TESTIMONY.

    The giving of false, vague, and evasive testimony by an alleged bankrupt on his examination before a special commissioner, with the intention of misleading the court and concealing assets of his estate, is a misbehavior, and constitutes a contempt, which the District Court has power to punish under Rev. St. § 725 [U. S. Comp. St. 1901, p. 583], on a summary hearing without a jury.

2. HABEAS CORPUS—JURISDICTION AND RELIEF—CIRCUIT AND DISTRICT COURTS.

    A Circuit Court of the United States has no appellate jurisdiction over a District Court, and cannot review its proceedings for any error or irregularity on petition for a writ of habeas corpus, where the District Court had jurisdiction.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1118.

    Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

Habeas Corpus.

Charles Golzier, for petitioner.
Abram I. Elkus, opposed.

WARD, Circuit Judge. This is a proceeding to discharge the petitioner by means of a writ of habeas corpus from a commitment for contempt of court. After a petition of involuntary bankruptcy had been filed against Philip and Joseph E. Bick, copartners, the petitioner, Joseph E. Bick, was required by an order of the United States District Court for the Southern District of New York to appear before a special commissioner for examination. After having testified several times before the special commissioner he was adjudicated a bankrupt, and subsequently, on the petition of William Henkel, Jr., receiver, the District Court made an order requiring the petitioner to show cause why he should not be adjudged guilty of contempt for false testimony, and for vague, contradictory, contemptuous and evasive answers given in order to conceal assets of his estate. The petitioner filed an answer denying the contempt, and appeared on the return day personally and by counsel. The return of the United States marshal shows that the district judge permitted the petitioner to testify before him in open court with reference to the acts and conduct charged against him. At the conclusion of the hearing the court adjudged the peti-

tioner to be guilty of contempt and committed him to the United States marshal for imprisonment in Ludlow Street jail for two months.

It is objected on behalf of the petitioner that he has not been charged with misbehavior within the provisions of Rev. St. U. S. § 725 [U. S. Comp. St. 1901, p. 583]. It is true that this word is not used; but the District Court has found that the petitioner's testimony is false, vague, and evasive, with the intent of misleading the court and concealing assets of his estate. It is as clear an instance of misbehavior as if the petitioner had refused to testify at all. Mr. Collier's work on Bankruptcy (page 125) is cited as showing that unsatisfactory answers, even if contemptuous, are not contempt in law, and cannot be punished as such. If he includes within the category of unsatisfactory answers such testimony as the petitioner's, I prefer to follow the decision of Hough, J., in the Matter of Fellerman (D. C.) 149 Fed. 244.

The petitioner also contends that the proceeding before the District Court was a criminal proceeding for the punishment of perjury, and that he was, therefore, entitled to a trial by jury. The proceeding was not an indictment or criminal proceeding to punish him for perjury, but was a proceeding to punish him for contempt of court, in which he was not entitled to a trial by jury.

It is also suggested that, as the order to show cause was founded on the petitioner's testimony before the special commissioner, the court could not punish him for contempt because of his testimony before the court. I think the special commissioner was only the instrument of the court to take the testimony, and that his testimony was really before the court. Were this not so, the testimony before the special commissioner and before the court was upon the same subject, and was the same contempt, for which he might have been committed on either or both occasions. This court has no appellate jurisdiction over the District Court, and, if there were any error or irregularity in the proceedings, that could only be corrected by appeal.

As I find that the District Court had jurisdiction of the petitioner and of the subject-matter, and was competent to pass upon his conduct, which it has found to be a contempt, the writ is discharged, and the petitioner remanded.