### CAMERON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

#### No. 50.

1. PERJURY (§ 2*)—STATUTORY IMMUNITY.

Rev. St. § 860 (U. S. Comp. St. 1901, p. 661), which provides that evidence given in a judicial proceeding shall not be used against witness in any federal court, but that the section shall not exempt him from prosecution for perjury in giving such evidence, does not prevent prosecution for perjury in a bankruptcy proceeding, nor does it prevent in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

troduction in support of the charge, not only of the false statement, but such other parts of accused's testimony as necessary to make the charge intelligible.

[Ed. Note.—For other cases, see Perjury, Dec. Dig. § 2.*]

2. BANKRUPTCY (§ 236*)—EXAMINATION OF PERSONS—WHEN HEARING MAY BE HAD.

A proceeding under Bankruptcy Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430) for the examination of persons concerning the acts or property of bankrupt may be had prior to the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 236.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Albert B. Cameron was convicted of perjury, and he appeals. Affirmed.

On writ of error to review a judgment convicting the defendant of perjury committed in the course of bankruptcy proceedings instituted against the Knickerbocker Piano Company. The defendant was sentenced to one year's imprisonment in the penitentiary at Blackwell's Island, N. Y.

Howard S. Gans, for plaintiff in error.

Henry A. Wise, U. S. Atty., and Isaac Levy, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. [1] The defendant was convicted upon two indictments for perjury, consolidated by order of the court. The first indictment charges the defendant with swearing falsely, before a commissioner appointed under 21a of the bankruptcy act, that shortly before the filing of the petition in bankruptcy against the Knickerbocker Piano Company he sold eight pianos to William C. Smith, after considerable bargaining between him and Smith.

The second indictment charges the defendant with perjury in swearing before the referee in bankruptcy that he had not been able to obtain the address of William C. Smith and had never known the said address.

Both of these statements were shown to be material to the matter under investigation and proof was submitted which amply justified the jury in finding that they were false and known by the defendant to be false at the time he made them.

The commissioner and referee were each regularly appointed under the provisions of the bankruptcy act and each was authorized to administer oaths and hear testimony.

It is urged for the defendant that his rights were infringed by the introduction of his testimony in the bankruptcy proceeding which was in violation of the provisions of section 860 of the U. S. Revised Statutes (U. S. Comp. St. 1901, p. 661), which was in force at the time, but has since been repealed. This section is as follows:

"No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or

his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty of forfeiture: Provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

It provides, in substance, that in criminal cases the testimony of the defendant, if given in a judicial proceeding shall not be used against him in a court of the United States. If the statute stopped at this point it is manifest that the federal courts would be powerless to punish the crime of perjury if the statute were strictly construed; hence the proviso making it inapplicable to the crime of perjury. Where perjury is charged, the alleged perjurious testimony must, from the nature of the case, be produced together with such other parts of the statement of the witness as are necessary to remove any doubt or ambiguity which might exist as to the time, the place and the individuals referred to by him.

It was therefore proper under the second indictment to read such portions as were necessary to identify the Smith referred to as the person who bought the pianos and whose address was alleged by the defendant to be unknown to him.

The parts introduced were the alleged false statements and such other portions as were essential for this identification and tended to show that the witness fully understood the nature of his testimony and that it related to William C. Smith of St. Nicholas avenue and to the property of the bankrupt piano company.

The Smith whose address the defendant swore was unknown to him was William C. Smith, who lived at 384 St. Nicholas avenue. That the place of his residence was known to the defendant on August 30, 1909, is demonstrated by the fact that on that date he wrote a letter to A. M. Stewart of Indianapolis in which he says, inter alia:

"Our company went into the hands of a receiver yesterday. On Saturday we had to raise some money for counsel fees, and we sold three Stewart pianos to W. C. Smith of 384 St. Nicholas avenue, New York."

That the defendant testified as charged in the indictments is not disputed and the question whether the testimony was false and known to be false at the time was fairly submitted to the jury.

As section 860 of the Revised Statutes was in force when the perjury was committed, we think the defendant entitled to the immunity which it guarantees, but, as before stated, we are of the opinion that the statute left unaffected the right to prosecute for perjury and to introduce in support of the charge not only the false statement, but such other parts of the defendant's testimony necessary to make the charge intelligible.

[2] The defendant's contention that the proceeding before the commissioner prior to the adjudication was unauthorized is not well taken. It is well settled in the Southern district of New York, at least, that such hearings are valid. In re Fleischer (D. C.) 151 Fed. 81; In re Bick (C. C.) 155 Fed. 908; Wechsler v. U. S., 158 Fed. 579, 86 C. C. A. 37; Skubinsky v. Bodek, 172 Fed. 332, 97 C. C. A. 116, 24 L. R. A. (N. S.) 985, holds to the contrary, but we think the dissenting opinion of Judge Buffington correctly interprets the law.

We are unable to find in the record support for the contention that the testimony before the commissioner was used to sustain the charge of perjury before the referee and vice versa.

The able and comprehensive brief of the defendant argues several questions which are not sufficiently presented by exception and assignment. We have, however, examined the record with care and are unable to find any error which will justify us in reversing the judgment.

No one, we think, can read this record without being persuaded that the two essential facts have been proved beyond a reasonable doubt.

First, that the defendant, under oath, made the statements charged in the indictments.

Second, that the statements were false.

The judgment is affirmed.