In re STEINER et al.

(District Court, S. D. New York. February 2, 1912. On Reargument, May 8, 1912.)

1. COURTS (§ 424*)—UNITED STATES CIRCUIT COURTS—CONTINUANCE OF JURISDICTION—CONTEMPT.

Under Federal Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1169) §§ 299, 300, which provides that offenses committed in the Circuit Courts which were abolished may be prosecuted and punished in the district

courts, the District Court has jurisdiction to punish for contempt committed in the Circuit Court under proceedings for punishment brought in the Circuit Court before it was abolished.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 424.*]

**2.** CONTEMPT (§ 28*)—DEFENSES—ULTIMATE SUCCESS IN SUIT.

It is no defense to proceedings for contempt in making and presenting false affidavits and in disobeying an order requiring delivery of property that respondents ultimately succeeded in the suits in which the contempt was committed.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 28.*]

**3.** PATENTS (§ 316*)—INFRINGEMENT—PENDENTE LITE ORDERS.

In an action for infringement of a camera patent, the court may impound infringing cameras in defendant's possession or under their control pendente lite.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 316.*]

**4.** CONTEMPT (§ 55*)—PROCEEDINGS TO PUNISH—PROCEDURE.

Proceedings for contempt of court may be begun by warrant of attachment as well as by rule to show cause.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 55.*]

**5.** CONTEMPT (§ 13*)—ACTS CONSTITUTING—PERJURY.

The fact that perjury is a substantive crime, and punishable as such, does not prevent it from also constituting a contempt, punishable under Rev. St. § 725 (U. S. Comp. St. 1901, p. 583), now Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163) § 268.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 30–35; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 2, pp. 1489–1492; vol. 8, p. 7614.]

**6.** CONTEMPT (§ 13*)—ACTS CONSTITUTING—MAKING AND PRESENTATION OF FALSE AFFIDAVIT.

Preparing, verifying, and securing the presentation of a false affidavit, intended to influence the action of a court, constitutes an obstruction to the administration of justice, punishable as a criminal contempt, under Rev. St. § 725 (U. S. Comp. St. 1901, p. 583), now Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163) § 268.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 30–35; Dec. Dig. § 13.*]

Contempt proceedings against William Steiner and others. On motion to dismiss. Motion sustained.

This cause comes here upon a hearing on return of an attachment against William Steiner, Herbert L. Miles, Joseph R. Miles, Charles V. Henkle, and Leon Wagner. The acts charged to have been committed, and which it is contended constituted a contempt, are:

(1) That each and all of the five persons above named swore to affidavits which contained statements material to issues before the court which were false and known to them to be false when they swore to them.

(2) That four of these five persons, being defendants, subsequently caused these affidavits to be presented to the court in opposition to a motion, which was being heard in a suit against the Yankee Film Company and themselves.

(3) That the same four persons disobeyed an order of the court which required them to deliver to their counsel all infringing cameras in their possession or under their control, to be kept in the care and custody of said counsel unused until the further order of the court.

Henry A. Wise, U. S. Atty., and J. Neville Boyle, Asst. U. S. Atty., for prosecution.

Abram J. Rose, for respondents.

LACOMBE, Circuit Judge (after stating the facts as above). Motion is made to dismiss the proceedings upon several grounds:

[1] 1. That the alleged contempt was committed, if at all, in the Circuit Court, and these proceedings were begun in that court prior to December 31, 1911. It is contended that punishment therefor cannot be imposed by the District Court. Reliance is had upon authorities, such as Ex parte Bradley, 74 U. S. 364, 19 L. Ed. 214, which hold that only the court whose authority is contemned has the right to punish for the offense.

When the judiciary act of March 3, 1911, abolished the Circuit Courts, it carefully undertook to preserve all acts, rights, suits, and proceedings, and also to provide for the prosecution of all offenses and for all penalties, forfeitures, or liabilities incurred prior to the taking effect of the new act. Sections 299, 300. The relevant phrase of the latter section is:

"All offenses committed * * * may be prosecuted and punished * * * in the District Courts, in the same manner and with the same effect as if this act had not been passed."

If the "act had not been passed," the Circuit Court would still be sitting in this district with power to punish for a contempt committed in such court. The plain meaning of the act is that for the purposes enumerated the District Court acts as if it were the Circuit Court, merely with its name changed. Touching all pending matters the court is continuous; it is one court only from the beginning of the proceeding to its conclusion. The situation is not such as we find in removed causes where a case is transferred from one court to another; the original court still continuing in existence as a court independent of the other. The proceeding and the court both pass over. Any construction such as that here contended for would lead to the absurd result that all the orders and decrees, injunctive or mandatory, of the old Circuit Court, were practically abrogated on January 1, 1912, because, if such an order or decree cannot be enforced, it becomes mere waste paper. Congress certainly did not contemplate such an absurd result, and there is nothing in the language of the sections which would require its acceptance.

[2] 2. It is contended that the proceedings should be dismissed because the defendants ultimately prevailed in the suits in which it is alleged that contempt was committed. This suggestion is not found persuasive. While an order stands, it should be obeyed, and the court which makes it should not be contemned. Appeal, not disobedience, is the remedy if a party thinks his adversary is not entitled to the order. This is not a proceeding on the civil side, but an independent proceeding on the criminal side, of the court.

3. That defendants have concededly complied with the order directing the impounding of the cameras.

Nothing of the sort is conceded. Some cameras were turned over

to counsel, but this proceeding is concerned with a certain other camera which was never turned over, which it is alleged was an infringing machine, and about which it is alleged false statements were incorporated in the affidavits.

[3] 4. Because the court was without power to make an order pendente lite impounding the cameras.

The converse is well-settled law in this circuit (Underwood Typewriter Company v. Elliott Fisher Company [C. C.] 156 Fed. 588), and no authority is cited to support defendant's proposition.

[4] 5. Because the proceedings should have been begun by rule to show cause, and not by warrant of attachment. It is manifest upon examination of the authorities cited by both sides that it is a matter of discretion with the court which method it will follow in proceedings of this sort.

[5] 6. Because the principal charge is that perjury was committed, and it is contended that perjury cannot constitute a contempt. Upon the argument it was suggested that the same act could not be punished twice. This suggestion is not found in the brief; it is not persuasive. If by the same act two distinct offenses are committed, it is difficult to see why the penalty for each offense should not be imposed. If a person should commit an assault in the courtroom upon the marshal with a deadly weapon in order to effect the release of a prisoner while his trial was going on, he would be summarily committed for contempt; but such commitment would be no defense to a prosecution for assault with intent to kill.

It is thought that perjury upon the witness stand in the presence of the court may well be considered a contempt. It is misbehavior of such a sort as "to obstruct the administration of justice." The New York authorities cited on the brief are not persuasive; the language of the state statute being different from that of section 725, U. S. Rev. Stat. ([U. S. Comp. St. 1901, p. 583] now section 268, Judicial Code). There seems to be no good reason for confining contempts to boisterous disturbances in the courtroom.

It is, however, essential that the offense be committed in the presence of the court, and for that reason the present prosecution for alleged false swearing must fail. The testimony was not given on the witness stand, but was embodied in affidavits verified elsewhere, before some notary public.

Nor is it thought that the prosecution can be sustained on the theory that the subsequent presentation of affidavits known to contain false statements was in the presence of the court. That presentation was not made by the persons here proceeded against, but by the counsel of some of them. It was not their personal act. In Chicago Directory Company v. U. S. Directory Company (C. C.) 123 Fed. 194, the fabricated exhibit which the witness had prepared was brought by himself into the courtroom and by him presented to the court.

Nor can the prosecution be sustained on the theory of a conspiracy to obstruct the administration of justice by causing false affidavits to be presented. Such a conspiracy might constitute a contempt, but it certainly was not entered into in the courtroom.

These conclusions dispose finally of the proceedings as to Wagner, and as to the others leave only the count charging disobedience of the order to turn over infringing cameras. It is understood that there is only one such camera, which it is alleged was an infringing instrument, and which was not turned over. It is not known what testimony the United States attorney may have to show not only that this was an infringing camera, but that it was within the control of the defendants so that they could turn it over. That officer, will have to decide whether the testimony is sufficient to call for further proceedings on that branch of the case, now that the more serious charges have been disposed of by this decision. If he wishes to proceed further, a day will be fixed to suit engagements of counsel.

## On Reargument.

Upon consideration of the arguments presented at the rehearing, I am satisfied that there was error in the decision filed February 2, 1912, holding that the various acts complained of were not committed in the presence of the court, or so near thereto as to obstruct the administration of justice. The opinions cited—Ex parte Savin, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150, and Kirk v. U. S., 163 U. S. 49, 16 Sup. Ct. 911, 41 L. Ed. 66—are persuasive to a contrary conclusion. There is no essential difference between "obstructing the administration of justice," by tampering with a juror or a witness, or by preparing, verifying, and securing the presentation of a false affidavit, intended to influence the action of a court.

The former order of dismissal, if it has been actually entered, is therefore vacated and set aside, and the motion to dismiss the proceedings is denied.

The cause will be taken up for hearing on Monday May 27th, at 10:30 a. m. As there may be conflicting testimony, which will present a question of fact as to what was or was not in fact done, there will be a jury in attendance, to whom there may be submitted such concrete questions of fact as may at the time seem desirable. This does not mean that the whole case will be tried by the jury. The trial is one for the court, but the court is willing to have a jury decide which of two or more opposing witnesses is truthfully stating the facts.

Since a panel is specially called for this date (May 27th), counsel for both sides must be prepared to go on when the case is called.