## MORSE v. SHACKELFORD et al.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4374.

Mines and minerals ⟐⟐49—Conveyance of surface after conveying land not such separation of title as prevents adverse possession.

Where owner of land conveyed it, and thereafter made to another grantee conveyance of surface only, there was no such separation of title as prevented subsequent grantee from acquiring title to minerals by adverse possession, under Ky. St. § 2505.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by Charles P. Morse, trustee, against J. A. Shackelford and others. Decree for defendants, and plaintiff appeals. Affirmed.

Martin T. Kelly, of Pineville, Ky., for appellant.

Sam Hurst, of Beattyville, Ky. (G. W. Gourley, of Beattyville, Ky., on the brief), for appellees.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. This bill in equity was brought by appellant to restrain appellees from interfering with appellant's mining for gas and oil in and under 1,000 acres of land in Lee county, Ky., part of the original Carnan grant of 29,000 acres. Appellant claims only the minerals. Appellees concededly own the surface, and were in possession when the bill was filed.

Appellant's claim to the minerals is based upon a deed from one Duckham to one Breck, July 7, 1838, of the entire Carnan tract, with warranty "against all persons claiming by, through, or under" the grantor, "except so far as he may have heretofore sold by written contract." Breck, on September 13, 1865, conveyed to N. C. Morse, trustee, etc., all the land in the Carnan survey and grant allotted to him in the division between him, the Haggins' heirs, and others named, by commissioners under decree of the Fayette county circuit court in 1857, "except what has been sold by him [Breck] or by those under whom he claims, and excepting also the claim of any one whose adverse possession has been so long as to bar a right of entry." Breck also sold to Morse so much of the land allotted to Haggins' heirs as was transferred to him by McGuire and purchased by the latter under execution against heirs, as well as certain other interests. On October 16, 1839, after Duckham's conveyance to Breck, and previous to the latter's conveyance to Morse, Duckham conveyed to Oliver Crawford a tract of about 1,000 acres, part of the Carnan tract referred to, "reserving all mines and minerals in the bowels of the earth." By the later deed of September 13, 1865, hereinbefore referred to, Breck sold to Morse the former's "interest in any reservations of coal, oil, iron or other mineral reservation, made by persons who may have heretofore sold and conveyed land in said grant." By virtue of these conveyances appellant now claims ownership of the minerals in and under the 1,000 acres here involved.

The trial court reached the conclusion that appellant originally made out his title to the minerals in question under the conveyance of July 17, 1838, from Duckham to, Breck of both lands and minerals, but that appellant's title had been divested by more than 15 years' adverse possession[1] had by appellees and their predecessors, who seem to have claimed under Crawford, although the latter acquired no legal title under the deed from Duckham, because the latter had already conveyed to Breck both surface and minerals, and so had nothing to convey to Crawford. Appellant disputes the correctness of the conclusion that his rights in the minerals have been divested by adverse possession, and upon the ground that the ownership of the minerals was separated from that of the land during the possession under the deed from Duckham to Crawford, and invokes the rule that where such separation of title has been made the ownership of the surface does not necessarily carry with it possession of the minerals. Pond Creek Coal Co. v. Hatfield, supra; Ky. Block Cannel Coal Co. v. Sewell (C. C. A. 6) 249 F. 840, 162 C. C. A. 74, 1 A. L. R. 556.

We agree with the District Court that, so far as shown by this record, the reservation made by Duckham in his deed to Crawford did not pass to Morse, for the reason that Duckham then had nothing to convey; that neither Breck nor Crawford is shown to have acquired the title to the minerals in question, except by acquiring the title to the land of which they form a part; and that the title of the minerals is thus not shown to have been separated from that of the land during the occupancy under the Crawford deed.

[1] Under section 2505, Carroll's Ky. Statutes, which applies to equitable as well as legal actions, and to an action for recovery of mineral interests in lands. Pond Creek Coal Co. v. Hatfield (C. C. A. 6) 239 F. 622, 626, 152 C. C. A. 456, and cases cited.

It follows that appellees, who are not shown to have taken anything by way of land or minerals under the deed from Duckham, while estopped generally to question the title of the latter and those who claim under him, were not precluded from acquiring title by adverse possession to both surface and minerals. It is possible that Duckham, before his deed to Breck, had entered into contract with Crawford for the sale of the 1,000 acres to him, reserving thereunder to himself the minerals. While such theory, if established, might form basis for working a severance of the minerals from the surface, such mere possibility, without proof in its support, can avail nothing. The same considerations apply to certain other possibilities and unproven theories.

If appellant's rights have been lost by limitation, certain questions stressed by appellant, relating to original source of title, need not be considered. We think the conclusion that appellant's interests in the minerals were lost by adverse possession (which seems to have been continued long beyond the statutory period) must be accepted. Indeed, we find in briefs of counsel no suggestion that the possession proven was such, or made under such circumstances, as to be affected by the distinction recognized in the federal courts respecting the force of statutes of limitation upon equitable, as distinguished from legal, actions. Pond Creek Coal Co. v. Hatfield, supra, pages 627–630 (152 C. C. A. 456).

The judgment of the District Court is affirmed.