## UNITED STATES v. JOHANSEN.

District Court, S. D. New York.

Nov. 15, 1940.

John T. Cahill, U. S. Atty. for Southern District of New York, of New York City (Peter J. Donoghue, Asst. U. S. Atty., of New York City, of counsel), for United States.

Konrad Johansen, in pro. per.

MOSCOWITZ, District Judge.

Upon the trial in this Court of an action by Konrad Johansen against the American-West African Line, Inc., the plaintiff testified as a witness in his own behalf. He claimed that on July 27, 1938, while employed on defendant's ship, the middle finger of his left hand was injured due to the negligence of the defendant. The date of his testimony was October 18, 1940. On his direct examination he testified unequivocally and in no uncertain terms that he received an injury to the middle finger of his left hand on July 27, 1938 while employed on defendant's ship. Upon cross-examination he repeatedly denied that he had suffered any prior injury to the same finger and that he had received any settlement at a prior date for injuries received to his finger. He was then confronted by a release signed by himself in November, 1937, in which for the sum of $100 he settled a claim for personal injuries against the United Fruit Company, his employer as of that date, for injuries to that very finger. Confronted with this document he finally admitted that a few months before the alleged accident on July 27, 1938, he had injured that finger and had been paid $100 in settlement of his claim.

Section 268 of the Judicial Code, 28 U.S.C.A. § 385, provides that the Court may punish for contempt where the misbehavior obstructed the administration of justice. Certainly, such false testimony obstructs the administration of justice, it constitutes a criminal contempt of Court. In re Gitkin, D.C., 164 F. 71; Ex parte Bick, C.C., 155 F. 908; In re Steiner, D.C., 195 F. 299; In re Ulmer, D.C., 208 F. 461; United States v. Dachis, D.C., 36 F.2d 601; The Dunnigan Sisters, D.C., 53 F.2d 502.

Perjury which obstructs the administration of justice may be punished by

indictment as well as by contempt of Court. One remedy does not preclude the other. In re Steiner, supra.

█ The defendant's perjured testimony obstructed the administration of justice and constituted a criminal contempt.