**WIMBERLY v. UNITED STATES.**

No. 9889.

Circuit Court of Appeals, Fifth Circuit.

May 15, 1941.

Rehearing Denied June 12, 1941.

714

See, also, D.C., 34 F.Supp. 904.

Ben F. Roberts, Frank J. Looney, and Albert P. Garland, all of Shreveport, La., and Robert H. Wimberly, of Arcadia, La., for appellant.

Malcolm E. Lafargue, Asst. U. S. Atty., of Shreveport, La., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

In a pleading entitled "information and order to show cause", filed by the United States Attorney for the Western District of Louisiana, appellant was charged with contempt of court. In substance, the information recites that appellant and four other named persons were indicted for using the mails in furtherance of a scheme to defraud; that the case was fixed for trial on November 18, 1940, in the District Court of the United States for the Western District of Lousiana, at Shreveport; that on November 16, 1940, appellant, in the presence of the said court and so near thereto as to obstruct the administration of justice, corruptly endeavored to influence and impede one J. Arthur Tooke, a petit juror duly served and summoned for petit jury service in said court, beginning on November 18, 1940, in the discharge of his duties, and did endeavor to influence, obstruct and impede the due administration of justice in said court. In a summary proceeding, without the intervention of a jury, which was not waived, the District Judge found appellant guilty of contempt and sentenced him to serve a year and a day in a penitentiary. This appeal followed.

In support of the charge it was shown that Edward B. Gillon and John Tooke, a cousin of J. Arthur Tooke, went to the home of J. Arthur Tooke, near Zwolle, La., on November 17, 1940, and John Tooke spent several hours with him, later reporting to Gillon that he was "all right." Gillon also interviewed J. Arthur Tooke and reached the same conclusion. There was evidence tending to show that appellant put in motion a train of events leading up to this interview but he was not present. It is unnecessary to further review the evidence.

It is certain that if there was an attempt to influence J. Arthur Tooke so as to obstruct the administration of justice it was near Zwolle, some 60 miles from the court, which was not in session that day.

The court derives its jurisdiction and power to punish contempts committed so near the presence of the court as to obstruct the administration of justice from § 268, Judicial Code, 28 U.S.C.A. § 385. Reviewing the history of the section and the jurisprudence, in Nye and Mayers v. United States et al., 61 S.Ct. 810, 85 L.Ed. ——, decided April 14, 1941, the Supreme Court held that the words of the statute "so near thereto" must be considered as having a geographical and not a causal meaning. The gist of the decision is that if the misconduct does not disrupt quiet and order or actually interrupt the court in the conduct of its business the offender may not be summarily punished for contempt.

Since misconduct charged occurred about 60 miles from the court, it follows that the judgment must be reversed on the authority of the above cited case. However, it is but fair to the District Judge to say that under the decision in Toledo Newspaper Co. v. United States, 247 U.S. 402, 38 S.Ct. 560, 62 L.Ed. 1186, and other similar decisions, all overruled by the Nye case, supra, he had jurisdiction to proceed as he did. Of course, the Nye case was decided after the judgment in the case at bar was entered and the District Judge necessarily was not advised of the impending change in the jurisprudence.

Reversed.