

See, also, 35 F.Supp. 754.

George S. Ryan, of Boston, Mass., for plaintiff.

Abraham Rudman, Atty. at Law, and Fellows & Fellows, all of Bangor, Me., and Perkins, Weeks & Hutchins, of Waterville, Me., for defendants.

PETERS, District Judge.

This matter comes before the court on a petition to adjudge the defendant, Samuel Kurson, in contempt of court for the destruction of certain records and documents alleged by the plaintiff, the petitioner, to be material evidence in the above-entitled civil action brought to recover treble damages for violations of the Anti-Trust law, in which action evidence has recently been taken out before a master. The petitioner asks for punishment as for criminal contempt under the authority of U.S.C.A. Title 28, § 385, and rests its case on certain quotations attached to the petition, from the deposition of Kurson taken by the petitioner in Boston in December, 1940, from which it appears that Kurson's secretary, with his consent, destroyed many records and papers relating to the Kurson moving-picture business about October, 1940, prior to moving the Kurson office from Bangor to Boston. The moving-picture business of Kurson is involved in the controversy. This petition was filed June 5, 1941.

Kurson's attorneys had been notified in writing by the plaintiff on or about October 21, 1940, of an intention to take

**MILLINOCKET THEATRE, Inc., v.
KURSON et al.**

No. 12.

District Court, D. Maine, N. D.

July 15, 1941.

Kurson's deposition on November 13, 1940, in Bangor. This deposition was not taken at Bangor as the defendant moved to Boston in October, the deposition being taken there later. Kurson denies that any papers were destroyed in his office after he received the notice of the taking of the deposition but knew of course that the action was pending and was familiar with the claims of the plaintiff. The secretary of Kurson who did the work of destruction testified that it was part of a regular routine whereby records that had accumulated for two years were periodically destroyed and that only records prior to 1938 were destroyed on that occasion. Generally speaking, Kurson claims that the destruction of the papers was routine, without reference to their possible use in this suit. The plaintiff on the other hand claims that Kurson had in mind that these papers contained evidence that could be used to his disadvantage in this suit and that they were destroyed to avoid that effect. It seems to me unnecessary to determine that point, upon which the evidence, as a matter of fact, is meagre. It is really immaterial, so far as this petition is concerned, whether Kurson wilfully connived in the destruction of possible evidence or not. The court has no authority, under the statute, to punish for criminal contempt under the circumstances, even assuming that Kurson's destruction of papers had all the elements of evil claimed by the petitioner. Under the section referred to it is provided that the power of the courts to punish for contempt "shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice". The petitioner claims that the acts of the witness Kurson were so near the court as to obstruct the adminstration of justice and relies upon the case of Toledo Newspaper Co. v. United States, 247 U.S. 402, 38 S. Ct. 560, 62 L.Ed. 1186, and some other cases. The Toledo case and similar cases are no longer authority in view of the recent decision of the Supreme Court in Nye and Mayers, Petitioner, v. United States, 61 S.Ct. 810, 817, 85 L.Ed. —, decided April 14, 1941, in which it is held that it is not sufficient that the misbehavior charged has direct relation to the work of the court or that it might obstruct the administration of justice and that the words "so near thereto" are used in the geographical rather than the causal sense. Contempt under this section must be "misbehavior in the vicinity of the court disrupting the quiet and order or actually interrupting the court in the conduct of its business". See the Nye and Mayers case above mentioned.

This does not mean that attempts or acts to obstruct the administration of justice are not punishable if not in the presence of the court, because under another section of the statute, Title 18, U.S.C.A. § 241, any person who corruptly endeavors to obstruct the administration of justice is punishable in the usual way by indictment and conviction after trial.

The petition that the defendant Samuel Kurson be adjudged in contempt of court must be dismissed.