470

## Weldon O. McANINCH, v. P. J. SQUIER, Warden, U. S. Penitentiary, McNeil Island, Washington.

No. 9949.

Circuit Court of Appeals, Ninth Circuit.

Feb. 9, 1942.

Weldon O. McAninch, in pro. per., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Frank Hale, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

PER CURIAM.

Upon consideration of the transcript of record and briefs filed by respective parties, and good cause therefor appearing, ordered order of the District Court affirmed, that a decree be filed and entered accordingly, and that mandate issue as provided in rule.

## Kate A. McLAUGHLIN et al. v. CAPITAL COMPANY.

No. 10064.

Circuit Court of Appeals, Ninth Circuit.

March 2, 1942.

Anthony & Rogers, of San Francisco, Cal., and James A. Walker, of Salinas, Cal., for appellants.

J. Benton Tulley and Keyes & Erskine, all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

PER CURIAM.

Upon consideration of the motion of appellee, and good cause therefor appearing, ordered appeal herein dismissed for failure of appellants to take appeal within statutory time, that a decree be filed and entered accordingly, and that mandate of this court in this cause issue forthwith.

## Tom McKEE, Appellant, v. UNITED STATES of America, Appellee.

No. 8854.

Circuit Court of Appeals, Sixth Circuit.

Feb. 12, 1942.

Jack Norman, of Nashville, Tenn., for appellant.

Horace Frierson, Jr., O. W. Hughes, and A. O. Denning, all of Nashville, Tenn., for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the briefs and record and arguments of counsel. And it appearing that the appellant wilfully, unlawfully and corruptly endeavored to influence a bailiff of the United States District Court for the Middle District of Tennessee and a petit juror of such court in the discharge of their respective official duties in consolidated criminal cases then pending in such court;

And it appearing also that the misbehavior of appellant occurred in an anteroom of the county jail of Maury County, Tennessee, located two or three blocks from the United States Court House, and was not in the presence of the court nor so near thereto as to disrupt quiet and order or to actually interrupt the court in the conduct of its business (Nye v. United States, 313 U.S. 33, 52, 61 S.Ct. 810, 85 L.Ed. 1172):

The judgment is reversed and the case is remanded for further proceedings in accordance with this order.