## In re PRESENTMENT BY GRAND JURY OF ELLISON.

### No. 44.

District Court, D. Delaware.

April 15, 1942.

William A. Gray, of Philadelphia, Pa., and Harry K. Hoch, of Wilmington, Del., for petitioner.

William Maloney, Sp. Asst. to the Atty. Gen., and Stewart Lynch, U. S. Atty., of Wilmington, Del., for the Government.

WATSON, District Judge.

Upon a presentment by the Grand Jury a rule was entered on March 6, 1942 on James Austin Ellison to show cause why he should not be adjudged in contempt of court. James Austin Ellison filed a motion to quash and set aside said rule to show cause. Argument was had on the motion. Briefs were filed by both sides, and the matter is now before the Court for disposition.

The presentment of the Grand Jury recites that while testifying before the said Grand Jury Ellison gave evasive, perjurious, and contumacious answers to questions propounded to him and in so doing wilfully and contumaciously obstructed, impeded, and hampered the investigation of the Grand Jury and the administration of justice. It is further alleged that Ellison, while in the hall adjacent to the Grand Jury room, and where witnesses were seated until called to testify before the Grand Jury, endeavored to influence a witness—Cann—not to change his perjurious testimony theretofore given to the Grand Jury and in this manner also obstructed the administration of justice. Attached to the presentment is a transcript of excerpts from the testimony of Ellison given before the Grand Jury which the Government contends is evasive, perjurious, and contumacious. All of the acts charged were allegedly committed while the Grand Jury was in session and considering evidence relating to the General Election of 1940 in Delaware.

This proceeding was brought pursuant to the provisions of 28 U.S.C.A. § 385, Judical Code, Section 268. The motion to quash attacks both the sufficiency of the presentment and the power of the Court to punish summarily the alleged contemnor for the misbehavior charged. In support of the latter contention, Ellison relies upon the case of Nye & Mayers v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, which, it is contended, has so construed Section 268 as to limit the summary power of the courts to that of punishing misbehavior which disturbs the order and decorum of the court through noise or similar disorderly conduct.

The decision in the Nye case has been considered in the recent case of United States v. Pendergast, D.C., 39 F.Supp. 189, at page 192, wherein Judge Otis, speaking for a three-judge court states, "But counsel seem to argue that the Nye & Mayers case lays down an astounding doctrine— Misbehavior, to be punishable contempt, even if committed in the presence of the court, must be of that character of misbehavior which disturbs the peace of the courtroom.

"The Supreme Court espouses in the opinion of April 14, 1941, no such emasculating and destructive doctrine as counsel in this case would thrust upon it. Quite the contrary. The case dealt only with the proper interpretation of the phrase 'so near thereto' in the statute, Judicial Code, Sec. 268, 28 U.S.C.A. § 385 * * *."

The Nye case clearly recognizes that there are two classifications of contempt

which may be summarily dealt with by the Court: Those which arise from misbehavior in the "presence" of the Court, and those which arise from misbehavior "so near thereto as to obstruct the administration of justice." [313 U.S. 33, 61 S.Ct. 814, 85 L.Ed. 1172.] The well reasoned opinion in the Pendergast case demonstrates that the Nye case does not in any way affect those decisions dealing with contemptuous acts committed in the "presence" of the court. It must follow, therefore, that the decisions prior to the Nye case which define what misbehavior constitutes contempt must stand unaffected by the decision in the Nye case, if the misbehavior took place in the "presence" of the court.

There are many decisions which hold that the type of misconduct here charged is punishable as contempt. Ex parte Savin, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150; Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993; Camarota v. United States, 3 Cir., 111 F.2d 243; O'-Connell v. United States, 2 Cir., 40 F.2d 201; Loubriel v. United States, 2 Cir., 9 F.2d 807; United States v. McGovern, 2 Cir., 60 F.2d 880.

 The issue here presented is clearly defined. Were the acts charged committed in the "presence" of the court as that word is used in Section 268? The conclusion is inescapable that if these acts were not committed in the "presence" of the court, they are punishable only by indictment. "It was not misbehavior in the vicinity of the court disrupting to quiet and order or actually interrupting the court in the conduct of its business." Nye & Mayers v. U. S., supra, 313 U.S. 52, 61 S.Ct. 817, 85 L.Ed. 1172.

 The Grand Jury is an appendage of the court and contempts committed before it are committed in the "presence" of the court. United States v. Dachis, D.C., 36 F.2d 601; see, also, O'Connell v. United States, 2 Cir., 40 F.2d 201; Wilson v. United States, 8 Cir., 77 F.2d 236. In the Savin case, the court said, 131 U.S. at page 277, 9 S.Ct. at page 702, 33 L.Ed. 150: "We are of opinion that, within the meaning of the statute, the court, at least when in session, is present in every part of the place set apart for its own use, and for the use of its officers, jurors, and witnesses; and misbehavior anywhere in such place is misbehavior in the presence of the court."

Counsel for Ellison referred to three recent cases which were decided on the basis of the Nye case and which, it is contended, apply a ruling different from that which was applied in the Pendergast case and which is applied here. Wimberly v. United States, 5 Cir., 119 F.2d 713; Warring v. Colpoys, App.D.C., 122 F.2d 642, 136 A.L.R. 1025; Millinocket Theatre, Inc., v. Kurson et al., D.C., 39 F.Supp. 979. Each of these cases involved misbehavior which took place at a considerable distance from the court—in one case sixty miles—and could not in any way be considered as having occurred in the "presence" of the court. Consequently, as clearly appears from the opinions in those cases, they were not concerned with misbehavior in the "presence" of the court.

 Ellison contends that, since it does not appear that a district judge was actually present holding court at the time of the commission of the offense charged, the "court" was not in session and the rule of the Savin case, as quoted above, does not apply. This contention is untenable because of the very nature of a grand jury investigation. There is no question as to the legality of the continuance of a grand jury investigation when the district judge is absent from the court room or even when absent from the court building. Consequently, when the grand jury is properly in session and conducting business pertaining to the court, I believe that the Court is in session even though there is not a district judge actually present. The obstruction and consequent contempt charged here is directed to the function of the grand jury and not to that of the judge and, consequently, the presence or absence of the judge can have no pertinency to the offense charged. It must be borne in mind that the Savin case was dealing with misbehavior directed to a case being tried before the judge, and the language used was designed to describe a situation existing under those circumstances. It may be that an attempt to bribe a witness, subpoenaed to appear at a trial before a judge, after court had been adjourned for the day, would not be held to be contempt committed in the "presence" of the court because that part of the court to which the contempt was directed was not then in session. Such is not the case here.

It is also contended that the motion to quash should be granted because the misconduct charged is also punishable as a specific crime. This contention is based on the Nye case. But the court did not so hold in the Nye case. Had such a ruling been adopted, the lengthy discussion of the meaning of the phrase "so near thereto" would have been unnecessary inasmuch as the offense charged was also a true crime. In this connection it should be noted that this proceeding for contempt is founded upon charges of obstruction of the administration of justice and not on charges of perjury, subornation of perjury, or other offenses. The perjurious answers of witnesses and other misconduct amounting to violations of the criminal laws of the United States are merely aggravating circumstances. Clark v. United States, supra. "The petitioner blurs the picture when she splits her misconduct into parts, as if each were a separate wrong to be separately punished. What is punished is misconceived unless conceived of as a unit; the abuse of an official relation by concealment and deceit. Some of her acts or none of them may be punishable as crimes. The result is all one as to her responsibility here and now. She has trifled with the court of which she was a part, and made its processes a mockery. This is contempt, whatever it may be besides." Clark v. United States, supra, .289 U.S. page 12, 53 S.Ct. page 468, 77 L.Ed. 993. See, also, Loubriel v. United States, supra; O'Connell v. United States, supra; United States v. McGovern, supra.

 The objection has also been raised that the delay in instituting these proceedings is a bar to their prosecution. I cannot conceive of a more ill considered objection. Here the acts charged occurred between December 1, 1941, and March 1, 1942, and these proceedings were instituted by presentment on March 6, 1942. While it is true that the proceedings were not instituted immediately upon the commission of the acts charged, the delay was very brief. Cf. United States v. Pendergast, supra. Contempt proceedings, as counsel insists, should never be instituted unless clearly required and a brief delay in institution of proceedings for the punishment of misbehavior of the character here charged is indicative of careful consideration of the necessity therefor, and should be commended rather than condemned.

My conclusion is that the presentment is sufficient and proper, and that the Court has power to punish summarily the alleged contemnor for the misbehavior charged.

Now, April 15, 1942, the motion to quash the rule to show cause issued in the above entitled case be, and it is hereby, denied.