## In re PRESENTMENT BY GRAND JURY OF ELLISON.
### No. 8075.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 9, 1942.

Decided Feb. 15, 1943.

Writ of Certiorari Denied April 19, 1943.

See 63 S.Ct. 995, 87 L.Ed. ——.

William A. Gray, of Philadelphia, Pa. (Harry K. Hoch, of Wilmington, Del., on the brief), for appellant.

Stewart Lynch, of Wilmington, Del., and Oscar Provost, of Washington, D. C. (Wendell Berge, Asst. Atty. Gen., and John Ford Baecher, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before MARIS and JONES, Circuit Judges, and AVIS, District Judge.

PER CURIAM.

The government moved to dismiss this appeal by James Austin Ellison from a judgment of conviction of criminal contempt in the District Court for the District of Delaware. The motion was upon the ground that the appellant had made no application for the allowance of the appeal. Without passing upon the question whether such an appeal as this must be allowed before it may be prosecuted, upon which question the Supreme Court was equally divided in Nye v. United States, 313 U.S. 33, 44, 61 S.Ct. 810, 85 L.Ed. 1172, it is sufficient to say that the record discloses that this appeal was in fact allowed by the district judge upon application of the appellant. The motion to dismiss the appeal is, therefore, denied.

The question presented on the merits is whether the giving by a witness before the grand jury of evasive, perjurious and contumacious answers with intent to obstruct the investigation then being conducted by the grand jury is a contempt of court which is committed in the presence of the district court and summarily punishable as such under the provisions of Section 268 of the Judicial Code, 28 U.S.C.A. § 385. The decision of this question has been withheld to await the opinion of the Supreme Court in Pendergast v. United States, 1943, 63 S.Ct. 268, 87 L.Ed. ——. The decision which has been handed down in that case, however, is based upon the proposition that the statute of limitations barred the contempt proceedings there involved and it throws no light upon the problem before us. The district court concluded that the conduct in question was a contempt committed in the presence of the court. This conclusion was in full accordance with the decision of this court in Camarota v. United States, 3 Cir., 111 F.2d 243. In view of the full and satisfactory discussion of the question in the opinion filed in the district court by

Judge Watson, In re Presentment by Grand Jury of Ellison, D.C., 44 F.Supp. 375, further discussion by us would serve no useful purpose.

The judgment is affirmed.