## In re MECKLEY.
### No. 8391.

Circuit Court of Appeals, Third Circuit.
Argued July 7, 1943.
Decided July 22, 1943.
Writ of Certiorari Denied Oct. 11, 1943.

See 64 S.Ct. 69, 88 L.Ed. ——.

Wm. A. Gray, of Philadelphia, Pa. (Samuel Handler and Earl Handler, both of Harrisburg Pa., on the brief), for appellant.

Melva M. Graney, of Washington, D. C. (Tom C. Clark, Asst. Atty. Gen., Frederick V. Follmer, U. S. Atty., of Scranton, Pa., Max H. Goldschein and M. Reynolds Sands, Sp. Asst. Attys. Gen., on the brief), for appellee.

Before MARIS, JONES, and DOBIE, Circuit Judges.

JONES, Circuit Judge.

This is an appeal, upon allowance by the court below, from a judgment of contempt entered therein under the following circumstances.

On May 7, 1943, the grand jurors for the District Court of the United States for the Middle District of Pennsylvania, sitting in Harrisburg, impanelled for the investigation of certain frauds alleged to have been committed against the United States in violation of law, made a presentment to the presiding District Judge wherein they represented under oath that I. Walter Meckley (the appellant) as a witness before the grand jury had given obstructive, evasive, perjurious and contumacious answers to questions propounded to him touching the matters under investigation and had thereby contumaciously obstructed the investigation. A copy of the notes of Meckley's testimony before the grand jury was appended to the presentment. The presentment concluded with the charge,—

"That the said I. Walter Meckley, willfully, deliberately, and contumaciously obstructed the process of this Court in uttering answers which were half truths, which impeded, delayed and hampered the instant investigation, which sought to shut off and block the instant inquiry; in giving answers which were shifts and subterfuges instead of truths; in blocking the search

for truth by answering with the first preposterous fancy which he chose to put forward; in contumaciously parrying with the examiner and Grand Jurors; and in otherwise failing and refusing truthfully and fully to answer these proper questions put to him in the proceedings before the Grand Jury."

Immediately upon receipt of the presentment in open court, the District Judge entered a rule upon Meckley to show cause why he should not be adjudged guilty of contempt. Such action was appropriate to the circumstances. In re Presentment by Grand Jury of Ellison, 3 Cir., 133 F.2d 903, certiorari denied 63 S.Ct. 995, 87 L.Ed. ——; In re Eskay, 3 Cir., 122 F.2d 819, 824; Camarota v. United States, 3 Cir., 111 F.2d 243, 246, certiorari denied 311 U.S. 651, 61 S.Ct. 16, 85 L.Ed. 416. A hearing was fixed for the day upon which the rule was returnable. Meckley's counsel were given a copy of the presentment and access to the notes of his testimony before the grand jury. He filed an answer denying that he had given perjurious testimony and asserting that the grand jury was illegally constituted and that the subpoena to which he had responded was invalid. The contentions based on the two latter allegations need not be considered. They were correctly disposed of below for adequate reasons appearing in the District Court's opinion and have not been renewed upon this appeal.

The appellant's principal contention is that the District Court erred in adjudging him guilty of contempt on charges not specifically set forth in the presentment. In other words, the appellant contends that, before the District Court could find, even as the predicate of a charge of contumacy, that, while a witness before the grand jury, he had given perjurious testimony, he must be informed of the charges made against him so clearly and definitely as not only to show a prima facie case but also to enable him to know, when arraigned, what answers to make and how to prepare his defense. Assuming that this contention correctly reflects the law, it is not germane here. The defendant knew from the presentment that the charge of contumacy was based upon the whole of his testimony before the grand jury which he had just given and

a transcript whereof was appended to the presentment. He was sufficiently informed as to what he had to meet. Cf. Camarota v. United States, loc. cit., supra. Furthermore, the judgment of the District Court was expressly not based upon a finding of any one specific act of perjury. Only one particular instance had been specifically cited as such by the presentment. As to that, the court took testimony at the hearing on the rule but, in the light of the presumption of innocence attending the defendant, did not feel justified in concluding that in the specified instance his testimony had been perjurious. As a consequence, the court based no action thereon.

What the court did was to conclude from a reading of the defendant's answers to the questions asked him before the grand jury that, on the whole, he had been evasive, reluctant and dissembling for the intended purpose of preventing and obstructing the grand jury from ascertaining anything from him concerning the matters under inquiry as to which he was obviously in possession of full knowledge and that such was indeed the quite evident effect of his conduct. We think it is clear that such conduct amounts to contumacy. See Clark v. United States, 289 U.S. 1, 11, 12, 53 S.Ct. 465, 77 L.Ed. 993; Ex parte Hudgings, 249 U.S. 378, 382, 39 S. Ct. 337, 63 L.Ed. 656, 11 A.L.R. 333. The court was convinced of the defendant's guilt "beyond question", i. e. beyond a reasonable doubt. Cf. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874. Our duty, therefore, on review as in any criminal case is to determine whether the finding is supported by substantial evidence. Toledo Newspaper Co. v. United States, 247 U.S. 402, 420, 38 S.Ct. 560, 62 L.Ed. 1186. From our reading of the record, which we have examined carefully and in detail, we think that the findings of the court below are abundantly sustained by the testimony and that the conclusion that the defendant was guilty of contumacious conduct is well justified. The court accorded the defendant every right to which he was entitled and gave the matter full, fair and understanding consideration.

The judgment of the District Court is affirmed.