## UNITED STATES v. WELCH.

### No. 8974.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 25, 1946.

Decided March 28, 1946.

Frederick M. P. Pearse, of Newark, N. J. (George Such Pearse, of Newark, N. J., on the brief), for appellant.

Vincent E. Hull, of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before BIGGS, GOODRICH, and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

William J. Welch appeals from an order of the District Court for the District of New Jersey which found him guilty of contempt and sentenced him to six months imprisonment.

The contempt proceedings were a by-product of the prosecution of Walter D. Van Riper, the Attorney General of the State of New Jersey, for violation of the federal gasoline rationing regulations.

At the request of Welch, an investigator in the prosecutor's office in Hudson County, one Caleb G. Crane conducted an investigation of some of the prospective jurors who had been summoned for duty beginning April 3, 1945, at the trial of criminal cases in the United States District Court sitting at Newark, N. J. Shortly before that date Crane visited these prospective jurors at their homes or places of

business in Morris County, the nearest of which was approximately fourteen miles away from the seat of the United States Court at Newark. Misrepresenting that he was making a "statistical survey" for a national magazine, Crane asked and received answers to various questions. Crane's inquiry began with apparently innocuous references to the prospective juror's job, ownership of his home, place of employment, and other similar matters. After receiving the replies to these, he propounded the climactic queries: "What do you think of the Van Riper case?" and "What do you think of the Hague administration?" Crane noted the responses. He made no comment.

Investigation disclosed to the Court this unauthorized questioning of the jurors. As a result, the District Court felt compelled to discharge the entire panel, including one hundred previously summoned for jury duty. The trial of criminal cases scheduled to be held in the period between April 3rd and April 16, 1945, therefore, could not proceed. An entire new panel had to be drawn. The criminal list was put back to April 16, 1945, and the Van Riper case, originally scheduled for trial on April 9, was adjourned to April 19.

We have, then, this question for our decision. Is one who conducts such an unauthorized examination of prospective jurors at least fourteen miles away from the Court subject to the summary power of the District Judge to punish for contempt within the provisions of Section 268 of the Judicial Code?[1]

The District Court, relying on our opinion in People of Virgin Islands v. Brodhurst, 3 Cir., 1945, 148 F.2d 636, held that it possessed and thereupon exercised such power. The appellant urges a reversal on the basis of Nye v. United States, 1941, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172. Counsel for the government maintains that the Nye case does not prohibit the use of contempt proceedings where the conduct in fact interferes with the processes of a court and with the administration of justice and where such conduct is not punishable under Section 135 of the Criminal Code.[2]

Section 268 of the Judicial Code limits the power of district courts to punish for contempt. It provides, "The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority. Such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person to any lawful writ, process, order, rule, decree, or command of the said courts."

In Nye v. United States, supra, the Supreme Court interpreted the meaning of the words "misbehavior * * * so near" the presence of the court "as to obstruct the administration of justice" as used therein, holding that a geographical rather than a causal connotation must be given to the statutory language. That language was there "restricted to acts in the vicinity of the court" and was not "allowed to embrace acts which have a 'reasonable tendency' to 'obstruct the administration of justice.'" Nye v. United States, supra at page 49, of 313 U.S. 33, 61 S.Ct. 810, 814, 85 L.Ed. 1172.

We have detected no recent tendency of the Supreme Court to whittle away the geographical test thus imposed. On the contrary, the curtailment of the court's power to punish summarily for contempt continues. See In re Michael, 1945, 66 S. Ct. 78, 79, where the Supreme Court stated, per Mr. Justice Black, "But the references to that Act's history in the Nye case, supra, reveal a Congressional intent to safeguard constitutional procedures by limiting courts, as Congress is limited in contempt cases, to 'the least possible power adequate to the end proposed.' Anderson v. Dunn, 6 Wheat. 204, 231, 5 L.Ed. 242."

It is not material that the conduct complained of is or is not punishable under the language of some *other* statute. We are here passing only on the correctness of the lower court's ruling that the appellant's acts gave rise to its power to punish summarily for contempt.

Applying the geographical test as laid down by the Supreme Court, it is obvious

---

[1] R.S. Sec. 725, Mar. 3, 1911, c. 231, Sec. 268, 36 Stat. 1163, 28 U.S.C.A. § 385.

[2] R.S. Sec. 5399, 5404, Mar. 4, 1909, c. 321, Sec. 135, 35 Stat. 1113, 18 U.S. C.A. § 241.

that this is not a case of contempt within the meaning of Section 268 of the Judicial Code. The acts of neither Welch nor Crane occurred in the court room or even near it. The closest point to the Court House was some fourteen miles distant. Such conduct cannot be held to have been in the "presence" of the court or "so near thereto as to obstruct the administration of justice." Consequently, the District Court had no power to punish their conduct summarily in contempt proceedings: Cf. Wimberly v. United States, 5 Cir., 1941, 119 F.2d 713; Warring v. Colpoys, 1941, 74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025; McKee v. United States, 6 Cir., 1942, 126 F.2d 470.

We need only remark, in passing, that Judge Maris in People of Virgin Islands v. Brodhurst, supra, was construing the language of an entirely different statute from that applicable here.[3] Moreover, that case turned on a constitutional question.[4] As Mr. Justice Douglas stated in Nye v. United States, supra at page 50 of 313 U.S., 61 S.Ct. 816, 85 L.Ed. 1172, "We are dealing here only with a problem of statutory construction, not with a question as to the constitutionally permissible scope of the contempt power." Cf. Bridges v. California, 1941, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192, 159 A.L.R. 1346.

Reversed and remanded for action consistent herewith.

---

[3] Title IV, chapter 4, section 35-3 of the Code of Laws for the Municipality of St. Croix.

[4] The constitutional limitation on the exercise of contempt power in the case of merely defamatory publications.